# LOUIS BRIZZOLARA *et al.*

## *v.*

# WILLIAM H. MOSHER *et al.*

CONTRACT—*for sale of real estate construed.* Where a contract for the sale and conveyance of real estate, by a general warranty deed, provides for an abstract to be furnished the purchaser before the balance of the cash payment is made, and concludes, "should the title to the property not prove good, then the payment to be refunded," the object of the latter words will be understood to avoid disputes about the title while being adjusted by the vendor, and the vendor will be enabled to find another purchaser if the vendee is dissatisfied. The vendee, in such a case, can not claim the benefit of his purchase, and refuse to make his payments.

WRIT OF ERROR to the Superior Court of Cook county.

This was a bill in chancery, by Louis Brizzolara and Guiseppe Botto, against William H. Mosher, David Cole, and Charles D. Cole, to remove a cloud from the title to certain real estate. The facts of the case are stated in the opinion.

Messrs. WARD, STANFORD & KOHLSAAT, for the plaintiffs in error.

Mr. W. T. BURGESS, for the defendants in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a proceeding on the equity side of the Superior Court of Cook county, by bill, to remove a cloud alleged to have been placed by plaintiffs in error on the title to certain lots in the city of Chicago, by causing to be recorded a certain contract for the sale thereof, executed by D. Cole & Son, claiming to be the agents of the defendants in error to make such contract.

The court decreed as prayed. To reverse this decree the record is brought here by writ of error.

42   Brizzolara *et al. v.* Mosher *et al.*  [Sept. T.

Opinion of the Court.

The following is the authority given by defendants in error:

"We hereby authorize D. Cole & Son to act as agents for the sale of the following property, viz: Houses and lot 63x130, about, to alley, 535, 537 and 539 West Madison street, renting for $2.000 per annum, for the sum of $18,000; $8,663.68 cash, and balance assume two notes of $4,666.60 each, at 8 per cent, due in one and two years, from March, '72; secured by trust deed on the premises. Abstract of title, and a good and sufficient warranty deed, to be furnished by the seller. Commission for selling, $225.

"Louis Brizzolara,

"Guiseppe Botto."

Chicago, *July* 8, 1872.

And this is the contract entered into with plaintiffs in error:

"Chicago, *Sept.* 26, 1872.

"Received of William H. Mosher $200, as earnest money, to be applied toward the purchase of the following premises, known as numbers 535, 537 and 539 West Madison street: lot being 63 by 136 feet to alley, facing south on Laflin street, hereby bargained and sold to the said William H. Mosher, for the price of $18,000 (dollars) ; $5,800 more to be by him paid upon the delivery of a good and sufficient deed for the same, within thirty days from date, or as soon as abstract of title can be brought down ; papers to be dated October 1, 1872, with release of dower after title has been examined and found good, and the balance, $6,000 in one year, 8 per cent interest, $6,000 in two years, 8 per cent interest, to be secured by trust deed on the premises. Should the title to the property not prove good, then the payment to be refunded.

"Louis Brizzolara,

"Guppe. Botto.

"By D. Cole & Son, Agents."

It will be perceived, in the original proposition to sell, of the date of July 8, 1872, the cash payment was upwards of

eight thousand dollars ($8,663.68), and, being so large, a purchaser could not be found, and this being represented to defendants in error, the terms were changed, by writing on the original proposal of sale, on the 26th of September, the terms as found above.    The only question is, what is the true construction of this contract.

By the first proposal of July 8, the purchaser was to assume the two notes, of $4,666.60 each, secured by a mortgage on the property, due in two years from March, 1872.

The complainants' theory is, as the original proposals were changed, in which an outstanding incumbrance was referred to, which the purchaser was to provide for, by the contract with the agents complainants were to provide for it.    They were to take up those notes as they matured, the purchaser to rely on their warranty deed.    Complainants nowhere proposed to convey a perfect title, but to make a deed with covenants of general warranty ; and the last clause of the contract provides, "should the title to the property not prove good, then the payment to be refunded."    The object of this clause evidently is, to avoid disputes about the title, and while it is being adjusted the purchaser keeps his money for other operations.    The same with the vendor :  he is enabled to find another purchaser if his first vendee is dissatisfied with the title.    Neither party can embarrass the other.

Complainants tendered a general warranty deed, and demanded payment, which was refused, and they then tendered the earnest money, which plaintiffs in error declined to accept.

We think it a clear case for the complainants, and that the Superior Court rendered a proper decree, and which we affirm.

*Decree affirmed.*