## WILLIAM D. SLOANE

### *v.*

### RINNAH A. WELLS.

*Filed at Ottawa May 12, 1892.*

1. CONTRACT—*for sale of real estate—"if the title did not prove good" construed.* A contract for the sale of lots provided that the purchaser should pay down $1000, and $9000 in thirty days after an abstract of title, made by a reputable abstract maker, had been furnished and found satisfactory, and upon the delivery of a good and sufficient warranty deed, with release of dower, and that if the title did not prove good the money paid should be refunded : *Held,* on bill by the vendor

to cancel the contract, that it did not authorize him to return the $1000, and rescind, upon the abstract furnished by him being found unsatisfactory, but only in the event that the title should prove not good.

2. In such case, the abstract of title may have been unsatisfactory on account of known inaccuracies in its recitals, or other imperfections in substance or in mere matters of form. But for whatever cause, the allegation that the abstract proved unsatisfactory is not equivalent to an allegation that the "title did not prove good."

3. PLEADING—*bill to rescind contract for failure to comply with its terms—essential allegations.* A bill by the vendor of real estate for the rescission of the contract of sale, and its cancellation, for the failure of the vendee to comply with its terms, should show, by specific allegations of acts, that he has done in good faith all that he is required to do, before the purchaser can be placed in default for not complying with his part of the agreement. The vendor can not take advantage of his own failure to comply with his part of the contract.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge, presiding.

This is a bill to cancel and set aside an agreement for the sale of real estate. The allegations of the bill are as follows:

"Humbly complaining, shows unto your Honors your orator, William Douglas Sloane, that he now is the owner, and has been such owner for more than ten years last past, of the several tracts of land mentioned in the contract hereinafter set forth at large, and that he now is in the actual and exclusive possession of the same; and your orator further shows unto your Honors that on the 7th day of October, A. D. 1890, your orator entered into a contract with one Rinnah A. Wells, in the words and figures following, namely:

" 'CHICAGO, *October 7, 1890.*

" '*This agreement witnesseth,* that I, William Douglas Sloane, hereby agree to sell and convey to Rinnah A. Wells the following described property: Lots 13, 14, 15, 16, 17 and 18, in block 2, of Jennings' subdivision of part of Jennings & Moffatt's subdivision of the south sixty acres of the east half of the south-west quarter of section 10, township 38 north,

range 14, east of the third principal meridian, Cook county, Illinois; and I, Rinnah A. Wells, hereby agree to buy of William Douglas Sloane the above described property, and pay for the same the sum of $30,000, in the manner following, to-wit: $1000 on the execution of this contract, $9000 in thirty days after an abstract of title, made by a reputable abstract maker, has been furnished and found satisfactory, and upon the delivery of a good and sufficient warranty deed, with release of dower, and $6666.67 on or before one year from this date, $6666.67 on or before two years from this date, $6666.67 on or before three years from this date, all with six per cent interest, payable annually, to be secured by mortgage or trust deed on said premises. Should the title not prove good the money paid hereon is to be refunded. Time being the essence of this contract, if it is not complied with as to time and manner of payments, the money paid hereon shall be forfeited to the seller as liquidated damage, and this contract become null and void at his option; and if this contract is recorded, the purchaser hereby agrees to make a quitclaim deed, immediately, to the seller of said property.

WILLIAM D. SLOANE.    (Seal.)

" 'Witness our hands and seals by

JACOB WEIL, his agent.    (Seal.)
R. A. WELLS,   "    "    (Seal.)'

"And your orator further shows unto your Honors that said Wells filed said agreement for record in the office of the recorder of deeds in and for the county of Cook and State of Illinois, on the 8th day of October, A. D. 1890, and the same was duly recorded in book 3247, at page 30; and your orator further shows unto your Honors that afterward your orator caused to be prepared and presented to said Wells an abstract of the title of said premises in said written contract described, which said abstract was made by Handy & Co., managers of abstract department of the Title Guarantee and Trust Company, being reputable abstract makers in said county, which

said abstract was not found satisfactory to said Wells. Your orator further shows unto your Honors that on the 2d day of May, A. D. 1891, he caused to be tendered to said Wells a warranty deed, in due and regular form, executed by your orator to said Wells, conveying the premises aforesaid, and demanded of said Wells that he, said Wells, should comply with the terms of said contract upon his part, but said Wells refused so to do because of said abstract of title not proving satisfactory; and thereupon your orator caused to be tendered to said Wells said sum of $1000 in said contract mentioned, and demanded that said Wells execute to your orator a quit-claim deed for said premises, but said Wells refused to accept said tender and to execute said deed; and your orator further shows unto your Honors that by reason of the recording of said contract of sale the same has become and now is a cloud upon the title of your orator to said premises, and unless removed will hinder and obstruct your orator in selling the same; and your orator here brings in court said sum of $1000, and offers to pay the same to said Wells as this honorable court may direct.

"Your orator therefore prays your Honors, on the final hearing of this cause, to order and decree that said written agreement may be canceled and set aside, and that said Rinnah A. Wells may be required to execute unto your orator a quitclaim deed for said premises, and that she may be perpetually enjoined from claiming any interest in said premises on account of said contract; and your orator further prays that said Rinnah A. Wells may be made a party defendant herein, and may be required to answer this your orator's bill of complaint; that a summons may issue for him, returnable, etc., and that your Honors will grant such other and further relief in the premises as may be in accordance with equity and good conscience, and your orator will ever pray," etc.

The defendant demurred generally to the bill. The court sustained the demurrer and decreed that the bill be dismissed.

From that decree the complainant appealed to the Appellate Court for the First District, where the decree of the circuit court was affirmed. This case is brought to this court by the further appeal of the complainant.

Mr. C. H. REMY, and Mr. J. B. MANN, for the appellant:

Appellant furnished the abstract, but the same was not found satisfactory to appellee, and thereupon appellant first tendered a deed, and, appellee refusing to accept the same, then tendered the earnest money, which was also refused.

There are two cases decided by the Supreme Court of this State, viz., *Brizzolara* v. *Mosher,* 71 Ill. 41, and *Hale* v. *Cravener,* 128 id. 408, one or the other of which must govern this case.

We insist that the case at bar comes plainly within the rule as declared in *Brizzolara* v. *Mosher.* An analysis of the contract in that case and of the contract set forth in the bill of complaint will show their identity. The Brizzolara contract provides, first, for an abstract of title; second, for a conveyance by general warranty deed; and third, for refunding the earnest money in case the title should not prove good. There is no provision in either contract that the abstract shall show a good title, nor that a perfect title shall be conveyed.

Mr. MATTHEW P. BRADY, for the appellee:

It is apparent on the face of the bill that appellant had not entitled himself to the right to rescind, annul and divest appellee's rights in the contract, that appellee was not in default, and that appellant was not in a position to compel performance by appellee. Therefore, appellant was not entitled to the relief prayed for in his bill. *Hale* v. *Cravener,* 128 Ill. 408; *Wallace* v. *McLaughlin,* 57 id. 53; *Johnson* v. *Pollock,* 58 id. 181; *Baker* v. *Bishop Hill Colony,* 45 id. 264; *Howe* v. *Hutchinson,* 105 id. 501.

The contract obligated appellant to convey to appellee a good title in fee,—that is, a marketable title, as defined by the law of this State. Such is the effect of the agreement to convey by a good and sufficient warranty deed. The language of the agreement refers to the title to be conveyed, and not to the mere form of the deed. *Morgan* v. *Smith*, 11 Ill. 194; *Brown* v. *Cannon*, 5 Gilm. 174; *Chute* v. *Robinson*, 2 Johns. 595; *Evertson* v. *Kirtland*, 4 Paige, 638; *Judson* v. *Wass*, 11 Johns. 526.

But appellant's bill does not allege that he had tendered or was able to convey such a title to appellee. The allegation that appellant tendered a warranty deed, and that appellee refused to accept it, is not sufficient to put appellee in default, and does not give appellant the right to rescind the contract. *Hale* v. *Cravener, supra; Brown* v. *Cannon, supra; Snyder* v. *Spaulding*, 57 Ill. 480; *Parker* v. *Porter*, 11 Bradw. 602.

It is plain the bill does not expressly state that appellant's title was not good, and I submit there is nothing in its allegations from which, by implication or inference, such a statement can be supplied. The presumption, upon demurrer, is against the pleader, because he is presumed to state his case in the most favorable way for himself, and, therefore, if he has left anything material in doubt, it is assumed to be in favor of the other party. 1 Daniell's Ch. Pl. and Pr. *549, note 4; *Columbine* v. *Chichester*, 2 Phil. 28; *Foss* v. *Harbottle*, 2 Hare, 502; *Dunham* v. *Hyde Park*, 75 Ill. 371.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The contract set out in the bill does not authorize the money paid on the contract to be refunded upon the abstract to be delivered by appellant being found unsatisfactory, but only in the event that the title "should not prove good." The allegations of the bill are:

"And your orator further shows unto your Honors that· afterward your orator caused to be prepared and presented

to said Wells an abstract of the title of said premises in said written contract described, which said abstract was made by Handy & Co., managers of abstract department of the Title Guarantee and. Trust Company, being reputable abstract makers in said county, which said abstract was not found satisfactory to said Wells; your orator further shows unto your Honors that on the 2d day of May, A. D. 1891, he caused to be tendered to said Wells a warranty deed, in due and regular form, executed by your orator to said Wells, conveying the premises aforesaid, and demanded of said Wells that he, said Wells, should comply with the terms of said contract upon his part, but said Wells refused so to do because of said abstract of title not proving satisfactory, and thereupon your orator caused to be tendered to said Wells said sum of $1000 in said contract mentioned, and demanded that said Wells execute to your orator a quitclaim deed for said premises, but said Wells refused to accept said tender and to execute said deed."

These allegations are to be taken most strongly against the pleader, (*Hale* v. *Cravener*, 128 Ill. 408,) and for aught that is shown by them the title may have proved good. The only reason given for refusing the deed,—namely, because of the abstract of title not proving satisfactory,—may, for all that is here shown, have been quite apart from the title itself. It may have been because of known inaccuracies in its recitals, or other imperfection in substance or in mere matter of form; but for whatever cause, the allegation is plainly not the equivalent of an allegation that the "title did not prove good." Appellant should have shown, by specific allegations of acts, that he did, in good faith, all that he is required by the contract to do, before appellee could be in default for not complying with his part of the agreement. He can not take advantage of his own failure to comply, in good faith, with his part of the agreement. *Hale* v. *Cravener, supra.*

The question presented here was not considered in *Briz-zolara et al.* v. *Mosher et al.* 71 Ill. 41. The question there considered was simply that of the construction of the contract. The sufficiency of the allegations in the pleadings in respect to it was not considered.

We find no cause for disturbing the decree of the circuit court. The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*