· IKE PRICE, Appellant, *vs.* HARRY SOLBERG *et al.* Appellees.

*Opinion filed October 27, 1915.*

1. PLEADING—*facts in contract which is made part of bill con-
trol.* Where a bill for specific performance makes the contract a
part of the bill, if any facts alleged in the bill differ from the
facts stated in the contract the latter must control in case of de-
murrer, as a demurrer does not admit the truth of such inconsist-
ent allegations of the bill.

2. SPECIFIC PERFORMANCE—*when proposed vendors are not re-
quired to convey.* Where a contract for the sale of land provides
that the money deposited on the purchase price shall be refunded
if the title to the property does not prove good, the proposed ven-
dors are not bound to convey if the proposed vendee objects to
the abstract of title, and they may treat the objections as ending
the contract and may thereafter convey to another party. (*Briz-
zolara* v. *Mosher,* 71 Ill. 41, followed.)

APPEAL from the Circuit Court of Cook county; the
Hon. JESSE A. BALDWIN, Judge, presiding.

WINSTON & LOWY, for appellant.

RUDOLPH D. HUSZAGH, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill brought by appellant against appellees praying for the specific performance of a contract for the sale of certain real estate. A demurrer was filed thereto and sustained by the trial court, the bill being dismissed for want of equity. This appeal followed.

Appellees Israel Saslafsky and Joseph Saslafsky on November 30, 1914, were the owners of two lots and a brick building thereon at 661 Liberty street, Chicago. On said date they signed the following instrument, their names being appended according to the Hebrew spelling:

"CONTRACT FOR THE SALE OF REAL ESTATE.
                                          "*November 30, 1914.*

"Received of Ike Price one hundred dollars as part payment towards the purchase of the following described real estate: 661 Liberty street, brick building, which is hereby bargained and sold to the said Ike Price for the sum of twenty-two hundred dollars, thirteen hundred dollars more to be paid on the delivery of a good and sufficient warranty deed of conveyance for the same within fourteen days from this date, or as much sooner thereafter as the deed is ready for delivery after the title has been examined and found good, and the balance to be paid as follows: The balance of $800 is subject to a mortgage, to be secured by trust deed or mortgage on the property above described. Should the title to the property not prove good then this $100 to be refunded, but should the said Ike Price fail to perform this contract on his part promptly at the time and in the manner above specified, (time being of the essence of this contract,) then the above one hundred dollars shall be forfeited by.........as liquidated damages, and the above contract shall be and become null and void.

                                          ISRAEL ZASLAWSKY, (Seal)
                                                his
   "Signed in the presence of        J. X ZASLAWSKY. (Seal)
                                              mark
(Seal)                              Moses Ginsberg, *Notary Public.*"

This instrument was filed for record in the recorder's office of Cook county on the same date it was signed. On December 2, 1914, the bill alleges the above named appellees gave to the attorney of appellant an order on the holder

of the abstract for its continuation and examination. Appellant paid the cost of the continuation and on December 15, 1914, received an opinion of title from his attorneys, which he immediately delivered to the Saslafskys. This opinion contained nineteen objections to the title. A few days thereafter the appellant was notified by the Saslafskys that they refused to cure any of the objections, and that if he desired the title he would have to take it subject to all objections and liens and would have to assume all special assessments and outstanding tax sales and judgments, and unless he would accept such title they would refuse to convey the property and their wives would refuse to waive their dower and homestead rights. December 31 the Saslafskys and their attorney called at the office of the attorney of appellant and repeated the refusal to clear title and made the same statement as to taxes, assessments and other liens. Appellant refused to accept conveyance on such conditions. Thereafter the Saslafskys sold the property to appellee Harry Solberg, the deed to Solberg being recorded December 31, 1914. The bill alleges that said Solberg knew of the existence of the contract between appellant and the Saslafskys, and that the attorney for the latter held the purchase money paid by Solberg with a view to securing the relinquishment of appellant's rights, but that appellant refused to accept any offer of settlement, alleging that he had been ready and willing to comply with the terms of the agreement and pay the balance of the purchase price and also waive certain of the objections made to the title and waive also the dower and homestead rights of the wives of the Saslafskys. Appellant asked that the deed to Solberg be declared null and void and that an accounting be had as to the rents collected by him, agreeing to pay any sum found due after a proper accounting, in accordance with the allegations of the bill.

The instrument herein quoted was made a part of the bill by reference and attached as an exhibit. The demurrer

alleged that there was a variance between the allegations of the bill and said contract of sale; that under the terms of the contract the Saslafskys had a right to convey to other parties when appellant objected to the title; that the acceptance of appellant was made after the property had been sold to Solberg; that the contract does not contain any provisions binding appellant to purchase said premises nor take the same, and that it lacked mutuality because not signed by both parties.

The contract being made a part of the bill, if any facts alleged in the bill differ from the facts stated in the contract the latter must control. The demurrer will not admit the truth of such inconsistent allegations of the bill. (*Greig* v. *Russell,* 115 Ill. 483; *Armstrong* v. *Building Ass'n,* 176 id. 298.) The only question in this case is as to the proper construction of this contract. While it did provide as to future payments if the title, after examination, was found good, it also provided that should the title not prove good then the $100 paid was to be refunded. The title was examined and found not satisfactory. The Saslafskys were so notified and refused to cure the objections.

This contract is very similar in its wording to one construed by this court in *Brizzolara* v. *Mosher,* 71 Ill. 41. The reasoning in that case we think controls here. The parties here, as there, did not propose to convey a perfect title but a deed with covenants of warranty. Here, as there, it was provided that if the title did not prove good the payment advanced was to be refunded. As was said in that case, the object of these provisions was apparently to avoid disputes about the title, and if the purchaser was dissatisfied with the title the seller could find another purchaser. Neither party could embarrass the other. The fact that appellant was willing to waive certain of the objections does not create a right to specific performance, because the Saslafskys had already been led to believe by these objections that appellant did not want the property unless a bet-

ter title was furnished. They were justified on this record, under this contract, in considering the deal at an end at the time the objections to the title were submitted to them by appellant.

The decree of the circuit court will be affirmed.

*Decree affirmed.*