## William Friedberg, Appellant, v. Clarence E. DePew, trading as "Practical Advertising Company," and John R. Henderson, Sheriff, Appellees.

### Gen. No. 6,190. (Not to be reported in full.)

Appeal from the Circuit Court of Kendall county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 14, 1916. Rehearing denied May 12, 1916.

### Statement of the Case.

Bill in equity filed by William Friedberg, complainant, to restrain Clarence E. DePew, trading as the "Practical Advertising Company," and John R. Henderson, as sheriff of Kendall county, Illinois, defendants, from enforcement of an execution issued upon a judgment entered by confession against the complainant. From an order sustaining a demurrer to the bill and a decree dismissing it for want of equity, the complainant appeals.

The bill alleged that DePew entered into a contract with complainant through complainant's agent whereby DePew, by the name of "Practical Advertising Company," agreed to furnish to complainant certain articles of merchandise, and perform certain acts to benefit complainant's business, the complainant being a merchant, and that DePew guarantied thereby to increase complainant's business. A copy of the contract referred to was attached to the bill as an exhibit, but it appeared from the bill that such exhibit was presumably only a part of the entire contract and was the part signed by the complainant, but that evidently at the same time complainant signed another paper, which was not attached to the bill.

It further alleged, in substance, that DePew procured to be entered a pretended judgment against him without the personal knowledge of complainant, and

that later, a pretended execution was issued upon said pretended judgment and placed in the hands of the sheriff for service, who served the same upon complainant and then levied it upon certain property of complainant; that the service of the execution on complainant was the first notice "actual, constructive or otherwise," which complainant had of the existence of the judgment, no summons or other process having been served upon him previous to the entering of the judgment, and that the court had adjourned for the term at which judgment had been taken before the time mentioned, and that it was only from the alleged pretended execution that he learned that the judgment had been so recovered against him by DePew in an action of "assumpsit-confession."

The bill also stated that complainant never, to his knowledge, executed or signed any judgment note authorizing the judgment, and that in case such judgment note ever existed containing his signature, such signature was a forgery; or, if genuine, it was obtained by misrepresentation, fraud, false pretenses and circumvention; that the only paper presented to him for approval or execution at the time the contract was negotiated was represented by Depew's agent to be a simple contract, and that if such alleged pretended judgment was taken against complainant and indicated by the alleged pretended execution, the same was and is fraudulent, and should be set aside as null and void.

The bill then prayed that the alleged pretended execution and levy be set aside, and that the sheriff and DePew be restrained by order of court from advertising or selling the premises, or authorizing or causing the same to be done, or otherwise attempting to enforce said alleged pretended judgment, etc.

Benjamin F. Herrington and John Fitzgerald, for appellant.

C. C. BIERMAN, for appellees.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 190*—*when separate papers considered as one instrument.* Where two papers signed are a part of the same transaction, one signed by one party to the contract and the other by the other party thereto, both papers constitute one contract and are to be considered as one instrument.

2. JUDGMENT, § 343*—*when bill to restrain enforcement of execution on judgment by confession defective.* In a suit to restrain the enforcement of an execution on a judgment alleged to have been entered by confession upon a pretended power of attorney, purporting to have been signed by the complainant, a bill alleging that the complainant did not, to his knowledge, execute such a power, or, if he did, its execution was procured by fraud, and having attached to it as an exhibit a paper alleged to evidence a contract entered into between the complainant and defendant, but which appeared to be only a part of an instrument evidencing the entire contract as entered into, *held* defective, inasmuch as the other part of the instrument might contain the power of attorney upon which such judgment was entered.

3. JUDGMENT, § 343*—*when bill to restrain enforcement of execution on judgment by confession on power of attorney insufficient.* In a bill to restrain the enforcement of an execution alleged to have been issued upon a pretended judgment entered upon a paper pretended to contain a power of attorney to confess judgment against the complainant, allegations that if the paper contained the complainant's signature it was a forgery, but if the signature was genuine it was obtained by misrepresentation, fraud, false pretenses and circumvention, *held* to be inconsistent, and neither a positive allegation that the signature was a forgery nor that it was genuine, but was obtained by fraud and misrepresentation, and insufficient in not stating facts upon which the claim of fraud and misrepresentation was based.

4. JUDGMENT, § 343*—*what bill to restrain enforcement of judgment on ground of fraud must contain.* While equity takes concurrent jurisdiction with law courts in matters of fraud, accident or mistake, the facts constituting such fraud, accident or mistake,

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

as a defense to the enforcement of a judgment, must be set out in a bill to restrain its enforcement.

5. JUDGMENT, § 321*—*when injunction lies to restrain enforcement of execution.* To entitle one to an injunction to restrain the enforcement of an execution on the ground of fraud, accident or mistake, it must be evident not only that the complainant had a defense upon the merits to the action in which such judgment was entered, but that such defense has been lost to him without the loss being attributable to his own omission, negligence or default.

6. JUDGMENT, § 309*—*when injunction to restrain enforcement of judgment denied.* Injunction to restrain the enforcement of an execution on a judgment, the entry of which the complainant alleged first came to his knowledge after the close of the term at which it was entered, *held* properly denied, as the complainant had an adequate remedy at law inasmuch as he could, at the succeeding term, have filed a motion to vacate the judgment and for leave to plead.

7. JUDGMENT, § 80*—*when motion to vacate in time.* A motion to vacate a judgment by confession, filed at the next ensuing term after a confession of the judgment, is in apt time.

8. EXECUTION, § 104*—*what proper method of relief from improper levy of execution.* The proper method of relief against an improper levy of an execution is by application to the court issuing the execution to quash the levy.

9. INJUNCTION, § 170*—*what county a bill to restrain proceedings at law to be filed in.* A bill to restrain proceedings at law must be filed in the county in which such proceedings are being taken.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.