## NORTHWESTERN CONSOL. MILLING CO. v. ROSENBERG et al.

(District Court, E. D. Pennsylvania.   January 14, 1922.)

No. 8136.

1. **Pleading ⬅17—Allegation of receipt of goods held insufficient as allegation of agency.**

In a statement of claim, an allegation that goods were received by a warehouse company "on behalf of the defendants" was insufficient as an allegation of agency, and renders the averment of the receipt of the goods insufficient.

2. **Pleading ⬅21—Cause of action for nonacceptance of goods sold and damages claimed held inconsistent.**

Where plaintiff, in an action for nonacceptance of flour, sued for the difference between the contract price and the market price, according to section 64 of the Sales Act of 1915 (P. L. 543; Pa. St. 1920, § 19712), and contended that the goods had been delivered and accepted, and that defendant had refused to pay for them, in which case the damages, under

section 63 (Pa. St. 1920, § 19711), would be the price of the goods, the cause of action alleged is inconsistent with the damages claimed.

3. **Pleading** ⬅350(3)—**After two unsuccessful attempts to allege a good cause of action, judgment may be entered for the defendant.**

> After a failure in two attempts to set out a good cause of action, judgment may be entered for the defendant.

.At Law. Action by the Northwestern Consolidated Milling Company against Jacob Rosenberg and others. Judgment for defendants.

Levi & Mandel, of Philadelphia, Pa., for plaintiff.
Englander, Cohen & Korn, of Philadelphia, Pa., for defendants.

THOMPSON, District Judge. In the amended statement of claim the plaintiff has endeavored to supply the deficiencies pointed out when the original statement of claim was attacked (see Northwestern Consolidated Milling Co. v. Rosenberg et al. [D. C.] 275 Fed. 878) by averments inferentially implying that in the application for a shipping permit the warehousing company was acting as the defendant's agent and that the flour was delivered by the carrier, who was the agent of the defendant, to the warehousing company, also the agent of the defendants, that the warehousing company received it on behalf of the defendants, and that the defendants called at the Delaware avenue stores of the warehousing company and examined and accepted the flour. There is no sufficient averment that the Delaware Warehouse Company was authorized by the defendant to act as its agent, nor is there any averment of the extent of its authority.

[1] There being no sufficient statement of a memorandum in writing signed by the defendants to take the case out of the statute of frauds provisions of the Sales Act of 1915 (P. L. 543; Pa. St. 1920, §§ 19649–19726), it is contended that the averments of the receipt and acceptance of the flour are sufficient to take the case out of the statute. The section in question of the Sales Act (section 4 [Pa. St. 1920, § 19652]) provides that a contract for the sale of goods of the value of $500 or upwards shall be unenforceable if not in writing, unless, inter alia, the buyer shall accept part of the goods and actually receive the same. There is no sufficient averment in the statement of claim of actual receipt of the goods by the defendant; the receipt alleged being that of the warehousing company "on behalf of the defendants," palpably an insufficient allegation of agency.

[2] The breach of contract alleged is the failure on the part of the defendants to pay the draft for the flour. The damages claimed are for the difference between the contract price and the market price at the time of the alleged breach. There is apparent inconsistency in the cause of action and the damages claimed. If, as contended by the plaintiff, the goods were delivered and accepted, and the defendant failed and refused to pay for them, his damages would be the price of the goods. Section 63, Sales Act of 1915 (Pa. St. 1920, § 19711).

The measure of damages relied on by the plaintiff in the present action is that for nonacceptance of the goods under section 64 of the

---

Sales Act (Pa. St. 1920, § 19712). The plaintiff, however, in order to bring its case within the statute of frauds provisions of the act, has attempted to allege acceptance, and alleges as the breach the failure to pay the price. If it alleged a breach consistent with its claim for damages, it would be contradicting the averments of acceptance necessary to sustain the contract. If it claims damages for the difference between the contract and market prices, it must allege wrongful neglect or refusal to accept and pay; but if it claims damages for the price of the goods it must allege that the buyers refused to receive them, and that they are held by the seller as bailee for the buyer. It is apparent that, in the endeavor to sustain the contract under the statute of frauds, and to sustain an action for the difference between the contract and market prices, the plaintiff has been impaled on the horns of a dilemma.

[3] As the plaintiff has had two opportunities to set out good cause of action, and has failed to do so, judgment may be entered in favor of the defendants.