No. 10,369.

ESTES, ET AL. *v.* CRANN, ET AL.

Decided June 4, 1923.

Proceeding involving a controversy over water rights. Judgment for defendants.

*Affirmed.*

1.   PLEADING—*Inconsistencies.* Inconsistent defenses are allowed; but each cause of action must be consistent with itself.

2.   WATER RIGHTS—*Adjudication—Statement of Claim—Verification.* In a supplemental adjudication proceeding there is no provision of the statute requiring a statement of claim to be verified. Such a statement is analogous to a complaint in a civil action, and the omission of a verification is not jurisdictional, but a mere irregularity, which may not be questioned for the first time in the reviewing court.·

3.   *Conditional Decree.* The contention of plaintiffs that defendants' decree for water, was conditional, overruled.   .

4.   *Adjudication Decree—Conditions.* A provision in a supplemental adjudication decree, that it shall be subject to the conditions contained in an earlier decree, construed to mean that the rights adjudicated in the later proceeding are subordinate and subject to those adjudicated in the earlier decree.

5.   *Issues Outside the Pleadings—Determination.* Where parties to an action involving water rights, presented to the court for determination issues outside the pleadings, without objection, it is held that the trial court was justified in rendering a decree accordingly.   .

*Error to the District Court of Garfield County, Hon. John
T. Shumate, Judge.*

Mr. J. W. DOLLISON, Mr. C. W. DARROW, for plaintiffs
in error.

Messrs. BURGESS & BOTHWELL. Mr. CHARLES W. TAYLOR, for defendants in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the
court.

THIS is a controversy over water rights. The decree of
the court was on defendants' motion for judgment on the
pleadings. The amended complaint has two causes of
action. The first cause, admitting that defendants' adjudicated priority right was for 40 cubic second feet, alleged that the decree, which awarded the same, was conditional, not absolute; and that the condition upon which
the right to the use of water depends has been complied
with by defendants only to the extent of 5 cubic feet per
second of time, which the plaintiffs conceded the defendants were entitled to divert and use as against their adjudicated subsequent priorities. The object of this first
cause of action seems to be, as stated by the plaintiffs in
their brief, "to avoid or, at least, scale down to not exceeding 5 second cubic feet," defendants' priority. The
second cause of action alleges that the decree, the one
set forth in the first cause of action, is void and of no
effect as against the plaintiffs, because defendants' statement of claim filed in the adjudication proceedings was
not verified as required by the governing statute, and therefore, the district court, in which the proceedings were
pending, was without jurisdiction to take any step whatever therein. The relief sought under the second cause
is a decree declaring void defendants' adjudication decree,
except as to the 5 second feet conceded by the plaintiffs to
the defendants.

It will be observed that the two causes of action are inconsistent and repugnant. The second cause is also inconsistent with itself, for if the court had no jurisdiction to render any decree at all, the award of 5 feet is as void as the award for the other 35 feet, yet plaintiffs say the 5 feet award is valid. To this complaint the substance of the answer is a plea to both causes of the adjudication decree in its entirety. The replication does not put in issue the material allegations of the answer, or deny the rendition of the decree. We must, therefore, consider the decree a verity, if the court rendering it had jurisdiction. There appeared in the answer an admission by the defendants that of the full volume of their priority of 40 cubic feet they had used only 14.2 cubic feet.

We first dispose of the second cause of action. It is insufficient and subject to a general demurrer. Inconsistent defenses are allowed, but each separate cause of action must be consistent with itself. Here in this second cause one averment declares defendants' decree to be void. It is coupled with another averment that this decree, one, inseparable and indivisible, is valid as to 5 of the 40 cubic feet awarded. One allegation destroys the other and leaves the entire cause hopelessly bad. Even if this conclusion is not sound, the second cause of action wholly fails in its avowed purpose to disclose a lack of jurisdiction by the district court, in which the defendants' decree was pronounced. It is said the court did not have jurisdiction because defendants' statement of claim filed therein was not verified as the governing statute requires. Our attention is not directed to any provision of this statute which requires, in a supplemental proceeding, that such statement of claim should be verified as a condition precedent to any action thereon by the court. Section 1755 C. L. 1921 does contain a requirement that statements filed in the original proceeding for the general decree, be verified and that they must be filed before June 1, 1881. That can not apply to proceedings thereafter initiated, but if there was such a requirement as to veri-

fication in all supplemental proceedings, the omission of verification of the statement is not jurisdictional. This court has held that these statements are analogous to a complaint in a civil action. In this supplemental proceeding of 1893, in which defendants' decree was rendered, the court certainly had jurisdiction of the subject matter. It was expressly given by the statute. The statute required a statutory notice directed to all persons that would be affected by the decree. The plaintiffs say they were affected by it, and, if so, they were duly notified and were parties to that proceeding whether or not they actually appeared therein. The omission of the verification was nothing more than an irregularity in a pleading. If plaintiffs had any objection to the lack of verification, it was their duty at the time the proceeding was pending to interpose it. They might waive it if they saw fit. They may not be heard here. The court in that proceeding certainly had the power to decide that the omission of the verification was not important. Moreover, at this late day, long after the expiration of the time designated in our limiting statutes applicable to such cases, these plaintiffs are not in a position in this action to say that defendants' supplemental decree is not binding upon them.

The second cause of action, therefore, being eliminated, the decree here for review, if it has any foundation at all, must be, as it purports to be, based on the first cause of action. Plaintiffs therein rely upon allegations supposed to show that defendants' decree of adjudication was conditional, not absolute, and that the conditions upon which their rights depend have never been complied with, except as to 5 second cubic feet, and, as to that part of defendants' adjudicated priority, plaintiffs admit that the same is superior to their subsequent appropriation. If this decree was absolute, not conditional, plaintiffs' entire case under the first cause of action falls. Turning to the decree as pleaded in the answer and admitted in the replication, we find that on its face it is absolute, not conditional. Nothing was left open for future determination.

If plaintiffs' case, therefore, as they themselves contend, depends upon the principle announced in *Drach v. Isola,* 48 Colo. 134, 109 Pac. 748, it finds no support in this record. The Drach case is not applicable, for the decree there under consideration was clearly and unquestionably a conditional decree that had never been complied with. The decree in the instant case being absolute, unless the same has been modified or changed in a subsequent statutory proceeding within two years, or by an independent action within four years, as authorized by the statute in question, becomes a verity and all persons, not applying for such relief within the time fixed, are deemed to acquiesce in and are bound by the same. *Arnold v. Roup,* 61 Colo. 316, 157 Pac. 206.

In reaching this conclusion we base it upon the face of the decree as shown by its adjudicating clause. Plaintiffs, however, seek to bring this case within the doctrine of the Drach case, because in the supplemental decree of 1893 there is a separate clause which, in effect, says that the findings and decree in the supplemental proceedings shall be subject to the same conditions and provisions as are contained in the earlier general decree of 1888; and, as in the 1888 decree there is a clause that priorities, though established by that decree, are, nevertheless, restricted, and the water shall flow into the ditches in such ratio and proportion as the lands under said ditches respectively shall be brought under practical cultivation with reasonable diligence, therefore, this provision of 1888 is read into, and becomes part of, the supplemental decree of 1893 and makes the same conditional, not absolute. We can not agree with such a strained construction. If the clause of the 1893 decree, referring to the general earlier decree, is applicable at all and means anything, it is that the supplemental decree, being later in time, is subject to the former decree in its priorities; that is, the rights adjudicated in the decree of 1893 are subordinate and subject to those adjudicated in 1888. The clause of the 1888 decree which requires the use of the water to be

in ratio and proportion to the amount of land cultivated, necessarily was restricted and confined to the absolute, not to the conditional, priorities then awarded, and not to priorities established by decrees that might be made under the statute in a supplemental proceeding which may be, and, as in the decree of 1893, are made absolute and unconditional.

In effect the decree upon this trial is that the defendants own and are entitled to use of their appropriation, only 14.2 cubic feet out of the 40 feet of water per second of time, established by the decree of 1893. The defendants have not assigned cross-error. We, therefore, do not pass upon the power of the court under the pleadings, in thus limiting or scaling down the supplemental decree from 40 to 14.2 second cubic feet. We need not speculate as to the theory upon which the court was guided in its ruling, for the defendants are not complaining. Although the pleadings do not allege abandonment, it would seem from the statements made by the court in its opinion, that because of the uncertainty as to plaintiffs' theory, permission was given to them to introduce evidence tending to show either abandonment by the defendants of their priority, or some portion thereof, or that defendants had not, within a reasonable time after the rendition of the alleged conditional decree, made beneficial application of any portion of their decreed inchoate priority. The plaintiffs did not avail themselves of this privilege which the court, in granting, said was given so that further litigation might be avoided. Apparently, however, though plaintiffs declined to produce evidence, the court scaled down defendants' appropriation because of their admission of non-use of a portion thereof, though abandonment was not explicitly pleaded. It is doubtful, had defendants made proper objections and assigned cross-errors, if the pleadings would justify this reduction. The record is in a most unsatisfactory condition, and it is difficult to determine just what theory either the parties or the court had of the different questions which have been argued in the briefs.

However, according to our understanding of the record, under a complaint which was subject to motions and demurrers, the parties really seemed to have presented for determination to the trial court, without objection, though the pleadings were not framed upon such theory, issues outside the pleadings, as to whether or not the defendants had abandoned their decreed appropriation in whole or in part. We conclude that, under the facts admitted in the pleadings, especially as to the decree of 1893, by which the respective rights of the parties are supposed to be measured, the court was justified, to say the least, in decreeing to defendants the use of 14.2 second feet of water. It is not necessary, for the reasons stated, to inquire if the defendants have any ground of complaint. The plaintiffs got more than they were entitled to. They have no grievance. The decree is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.