MINNIE ROSE, complainant-respondent,

*v.*

JEROME HARVEY DEVELOPMENT COMPANY, a corporation of New Jersey, et al., defendants, and MAX DOYNE, defendant-appellant.

[Submitted February term, 1933. Decided April 28th, 1933.]

*Mr. Alexander Seclow,* for the appellant.

*Mr. Maurice C. Bragadier,* for the respondent.

The opinion of the court was delivered by

BROGAN, CHIEF-JUSTICE.

The case under review presents an appeal from an order, entered in the court of chancery, striking out the answer and counter-claim of the appellant. Upon examination of the record, it appears that the complainant below filed a bill to foreclose a mortgage, in the seventh paragraph of which she names, in addition to the mortgagor, several individuals as defendants, among them Max Doyne (who is the appellant here), charging that on November 17th, 1930, the said Doyne and two others executed a separate bond in favor of the complainant, Minnie Rose, in the penal sum of $30,000 to secure the repayment of the sum of $15,000 to the complainant, condition of said bond being that the said obligors shall indemnify and save harmless the said Minnie Rose of and from all loss, claims, suits, actions, proceedings, damages, costs, counsel

fees, expenses and disbursements in which the said Minnie Rose may be involved under any circumstances by reason of making the aforesaid loan of $15,000 to Jerome Harvey Development Company (the mortgagor).

The defendant below answered, alleging no knowledge or information as to each and every allegation in the entire bill except that it denied the allegations of paragraph seven, which alleged the making of the bond above mentioned.

Further answering, the defendant Doyne, inconsistently says that he executed this very bond with others but attempts to avoid it by claiming that he intended only to sign a bond saving the mortgagee from loss that might arise from the filing of mechanics' liens and that this bond was so represented to him by "the other parties to said bond and their agents;" that he executed same without reading it and as a result the bond was "executed contrary to the intention of the parties thereto * * * and as a result of the mutual mistake and inadvertence of the parties to such bond." He prays that the bill be dismissed; that the court order and decree the bond mentioned to have been executed as a result of mistake; that it was procured by fraud and should be canceled.

He also files a counter-claim saying that he and his co-obligors executed still another bond, entirely unrelated to this litigation and with respect to other property but that it (this alien bond) was executed "under like circumstances, conditions and misrepresentations" praying on the counter-claim that both bonds be declared to have been executed as a result of mutual mistake, that both bonds be reformed in accordance with the defendant's understanding of what they should be and were intended to be or that the bonds be decreed to have been executed as a result of fraud and canceled.

The court, upon notice, advised an order striking out the answer and counter-claim and this appeal lies from that order on the grounds that: the striking of the answer and counter-claim was error; the finding that the answer did not set forth an equitable defense to the bill and that the counter-claim did not set forth an equitable cause of action was also error.

That the court properly dismissed the counter-claim, so

far as it applied to the second bond, alien to this action, is clear. Bringing this second bond into this suit was premature and anticipatory. Manifestly it could not conveniently be tried out in this case and the court was within its discretion in striking it out (chancery rule No. 28). On this point, it might be remarked that if the defendant's prayer for relief was well grounded as to the first bond and the court so found, such disposition, the bonds being identical in character, would have been *res adjudicata* as to the second bond.

The grounds of appeal will be considered together.

The complainant below moved to strike the answer on the ground "that same fails to disclose any defense in equity," and to strike the counter-claim on the ground "that same fails to disclose any cause of action cognizable in equity," and on the further ground that the defendant Max Doyne is barred by his own laches from obtaining the relief sought in said counter-claim.

Now the order striking the answer and counter-claim recites that same was stricken because "it appearing that the aforesaid answer does not state any defense cognizable in equity, and that the aforesaid counter-claim does not state any action cognizable in equity, it is ordered, &c." Thus the question of laches, which is argued by the appellant in the brief, is not pertinent to this appeal and need not now concern us. The court did not base its finding on laches.

The main objection of the appellant to the striking of the answer was that under chancery rule 75 the notice to strike out was deficient because it did not state the objection to the pleadings with particularity. This argument is of no avail because in challenging the efficacy of a pleading "want of equity" is a valid ground of objection if the pleading attacked shows its defect and lack of sufficiency on its face. This attack upon a pleading amounts to a general demurrer and certainly an answer which pleaded no knowledge or information as to each and every allegation of the bill and which denied the making of the bond and latterly admits it, pleading a misunderstanding as to its import and obligation, is not such an answer as calls for particular objection save the one

stated. *Essex Paper Co.* v. *Greacan, 45 N. J. Eq. 504; Larter* v. *Canfield, 59 N. J. Eq. 461.* It is unnecessary to specify the cause for demurrer or motion to strike under the present practice, when the lack of equity in the pleading is manifest. *Safford* v. *Barber, 74 N. J. Eq. 352.*

The appellant further argues that the execution of the bond in question was denied by his answer; that this denial was re-alleged in the counter-claim and that for the purposes of motion the denial must be taken as true, which creates a fact issue and therefore it was improper to strike the pleading. As opposed to this, however, obviously the counter-claim admits the execution of the bond; seeks its reformation; claims it to have been misunderstood; alleges it was procured by fraud, and while inconsistent pleadings are permissible, contradictory pleadings as to the same fact are not countenanced in either law or equity and a pleading will be judged not by its self-serving parts, which manifest strength, but equitably with all its weaknesses as well.

The appellant's final point is that it was proper for the defendant below to answer and that it was improper to strike out the answer and counter-claim. This of course is true if an answer on the merits could be made. The appellant Doyne was made a party defendant by virtue of the provisions of *P. L. 1932 ch. 231 p. 509,* which provides, generally, that no action shall be instituted against any party answerable on the bond unless such party is joined in the proceedings to foreclose the mortgage. The point appellant makes, therefore, that it was proper for him to answer is correct as far as it goes, always providing that he has an answer to make. *Vanderbilt* v. *Kipp, 110 N. J. Eq. 10.*

The contention that the appellant should have had a final hearing because of fraud, mutual mistake and the like pleaded by him is without merit.

The respondent was no party to the fraud, misrepresentation or mutual mistake. The appellant does not so charge. To avoid responsibility on a contract or bond due to fraud, the obligee must have been a party to the fraud. A bond cannot be voided by the person bound because of false representa-

tions of a third person unless the obligee participated in the fraud or knew of it. *Feiganspan* v. *Wilson, 68 N. J. Law 88.* Mutual mistake will not help the appellant unless the obligee is party thereto. *Levine* v. *Lafayette Building Corp., 108 N. J. Eq. 121.*

Clearly then it follows that it was proper to strike the pleadings on their face as no defense to liability or a cause for the relief sought was apparent.

The action of the court below will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

*For reversal*—None.