**PELELAS v. CATERPILLAR
TRACTOR CO.**

No. 7181.

Circuit Court of Appeals, Seventh Circuit.
June 27, 1940.

Marvin C. Harrison, Homer H. Marshman and Charles W. Steadman, all of Cleveland, Ohio, and Clyde C. Trager, of Peoria, Ill., (Harrison & Marshman, of Cleveland, Ohio, of counsel), for appellant.

Frank T. Miller, Eugene R. Johnson, and Donald G. Beste, all of Peoria, Ill., (Miller, Elliott & Westervelt, of Peoria, Ill., of counsel), for appellee.

Before MAJOR and TREANOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Plaintiff appeals from a judgment dismissing his second amended complaint upon motion of defendant. Plaintiff termed his suit a "spurious" class action. Rules of Federal Procedure 23 (a) (3), 28 U.S.C.A. following section 723c. The District Court [30 F.Supp. 176] concluded that he had failed to state a valid claim and was not such a party as would "fairly insure the adequate representation of all" those constituting the alleged class, as required by Rule 23 (a). Upon appeal plaintiff questions the soundness of each of these conclusions.

Plaintiff, resident of the state of Illinois, a former employee of defendant, asserted in his second amended complaint that in June, 1930, while he was an employee of defendant, the latter entered into a contract with the Metropolitan Life Insurance Company, whereby the latter agreed to insure by group insurance, such of defendant's employees as should take advantage of the opportunity thus to become insured. This contract is known as a group or master policy and employees taking advantage thereof received separate certificates of insurance, delivered to them by defendant after the latter had received them from the Insurance Company. Plaintiff, with many thousands of other employees, applied for and received participating certificates. The premium in each instance was paid partly by the employee

and partly by defendant. The master policy provided that, inasmuch as the policy constituted participating insurance, any divisible surplus accruing should be determined by the Insurance Company at the end of each year and paid in cash to the employer or applied to the payment of premiums next falling due. In either event such surplus was "to be distributed or applied by the employer according to the respective rights, if any, of the parties contributing the premium." This policy was attached to and incorporated in the complaint and, consequently, is controlling in determination of the sufficiency of plaintiff's pleading even though the averments of plaintiff differ therefrom. In other words, the terms of the contract, made a part of the pleading, must prevail over the allegations of the complaint. Johnson v. Igleheart Bros., Inc., 7 Cir., 95 F.2d 4; Southern Surety Co. v. Commercial Casualty Ins. Co., 3 Cir., 31 F.2d 817; Lyons, et al. v. 333 North Michigan Avenue Building Corp., 277 Ill.App. 93; Price v. Solberg et al., 269 Ill. 459, 109 N. E. 1024. Consequently in determining the legal effect of this provision, the District Court quite properly relied upon the language of the contract itself rather than upon the averments of plaintiff, who pleaded as a legal conclusion that under such provision, the surplus was to "be distributed to the parties contributing the premiums in proportion to the amounts of such contribution."

Plaintiff made a part of his complaint also, his application for insurance, in which he stated that he applied for insurance "in accordance with the company's announcement." This announcement was not pleaded. The record is wholly silent as to its contents. In his last amended complaint, plaintiff alleged that he was "unaware of the identity or existence of the company's announcement * * * and because of plaintiff's lack of knowledge as to what company's announcement refers to, plaintiff denies that such instrument exists and says further that under no circumstances is it any part of the contract of insurance."

Plaintiff admits in his brief that he was not at the time of the commencement of suit, employed by defendant or insured and had not been since 1936. He did not aver that any one had asked him to bring the suit or that any one had indicated that he had a claim similar to plaintiff's. His chief counsel were not residents of the city where the suit was brought but resided some hundreds of miles away. He alleged that he and others similarly situated were entitled to recover from defendant dividends delivered to the latter by the Insurance Company.

■ In its essence, plaintiff's claim was not founded upon the insurance contract between the Metropolitan Life Insurance Company and defendant. Rather it was an action for money had and received, and in order to constitute a valid cause of action, it was essential that it disclose something in the relationship between plaintiff and defendant, either under an express contract or under facts raising an implied contract, whereby it could be said, as a matter of law, that defendant had received money which it should and was legally bound to pay to plaintiff. The policy pleaded did not touch this question but left it wholly open by merely providing that the dividends should be paid to such parties, if any, as had right thereto. Plaintiff averred that defendant entered into an agreement with its employees but he did not plead the substance of any such contract. He failed to state whether it was written or oral. He omitted any averment as to its contents or character and the court was left wholly in the dark as to its nature and effect. The only information presented to the court upon the subject was the pleading of plaintiff of his application for insurance, which expressly provided that his insurance was to be issued to him in accordance with the company's "announcement." Thus the trial court's only information was that plaintiff was claiming that defendant had received money paid to it which equitably belonged to plaintiff because of an agreement not pleaded, when, as a matter of fact, his own pleading disclosed that he had applied for the insurance in accordance with the announcement which he did not bring before the court. There was, therefore, before the court nothing in the way of facts pleaded, by virtue of which it would be said as a matter of law that defendant owed plaintiff anything.

■ That the words "if any" contained in the provision, do not define the rights of the parties is perfectly obvious from the context. They are terms of modification and contingency and purport to create a liability only when and if the facts justify such a liability. In other

words, the provision might as well have been omitted from the contract so far as any legal effect in creating a liability of defendant to plaintiff is concerned. The court rightfully held that before plaintiff could recover, it was necessary for him to show by some contract either express or implied, a liability upon the defendant to pay plaintiff. Failing to do so, the complaint was fatally defective.

That plaintiff recognized that he was under obligation to disclose an express or implied contractual relationship to the court is evident from his attempt in the second amended declaration to avoid the express provision that the application was for insurance in accordance with the announcement, by saying that he "is unaware of the identity or existence of the company's announcement" and, because of his lack of knowledge, "denies that it exists." Yet he had in his formal application expressly incorporated the announcement by reference. Consequently his pleading was contradictory and inconsistent, for, in the very pleading upon which he based his cause of action upon an agreement in accordance with the announcement, he denied its existence. Such pleading violates Rule 8 (a) (2) of the Civil Rules of Federal Procedure. It does not constitute a short and "plain statement of the claim showing that the pleader is entitled to relief." By rule 10 (c) of the Rules of Civil Procedure, a copy of a written instrument pleaded is a part of the pleading for all purposes. Consequently plaintiff, having averred the existence of an announcement, having applied for insurance in accordance with it, having failed to show the contents of any contract between plaintiff and defendant and having failed to plead any facts creating a contractual relationship, his averment of lack of knowledge was of no force and effect. In such state of the record, contradictory pleadings are not to be countenanced. Rose v. Jerome Harvey Development Co., 113 N.J.Eq. 161, 166 A. 149; Friedberg v. DePew, 200 Ill.App. 395; Northwestern Consol. Milling Co. v. Rosenberg, D.C., 277 F. 245; Estes v. Crann, 73 Colo. 438, 216 P. 517. The averred lack of information concerning the announcement was no excuse for its non-production. The rules provide adequate means for discovery and production of documents. Rules 26, 34, 36 and 37.

Moreover, we think the District Court was fully justified in finding that plaintiff did not fairly insure the adequate representation of those he proposed to represent as required by Rule 23 (a) of the Rules of Civil Procedure. It is a condition precedent to the existence of the right to maintain a class action that the court find that the plaintiff's suit will fairly insure the adequate representation of all. This raises a question of fact for the trial court upon which it passes judicially. The facts from which the court drew its conclusion in this respect were that plaintiff and his counsel resided many hundreds of miles from the seat of the court. The plaintiff was not and had not been for more than three years employed or insured; his interest was small; he and his counsel had been unable to present a valid claim in spite of two opportunities to amend the original complaint. Plaintiff made no averment that other persons had made claim similar to his or were asserting such claims or had asked that suit be brought. The pleadings were contradictory in form and wholly ineffective. The court might properly have observed further that the action was essentially one to recover for plaintiff moneys claimed to be due him as moneys had and received and, inasmuch as there was no showing as to the contents or character of the various contracts with the different employees, no showing as to whether they differed or were identical, it was impossible to find that plaintiff adequately and fairly represented any other members of the asserted class.

The rule carried into the present code the essence of former Equity Rule 38, 28 U.S.C.A. following section 723. It is even more stringent; and under it the court is at liberty to consider the number appearing on record as contrasted with the number in the class; 2 Moore's Federal Practice, Section 23.03, p. 2234; and whether the relationship between the parties to the record is unique or one identical and common with that of all others of a class, 2 Moore Federal Practice, Section 23.02, p. 2225. There must be a sufficient number of persons to insure a fair representation of the class.

We are unable to say, after considering all the elements involved, that the District Court erred in its ultimate finding

and conclusion that plaintiff had not complied with Rule 23 (a). Being a discretionary order, founded upon the facts, this court will not interfere therewith, in the absence of improvident action. Alabama v. United States, 279 U.S. 229, 49 S.Ct. 266, 73 L.Ed. 675; In re Engelhard & Sons Co., 231 U.S. 646, 34 S.Ct. 258, 58 L.Ed. 416; Ward v. Central Trust Co. of Illinois, 7 Cir., 252 F. 127.

Plaintiff insists that the court should not have dismissed the action without notice to others of the asserted class. Rule 23 (c), upon which he relies, forbids dismissal of such an action without the approval of the court. But this applies only to voluntary dismissals. It is intended to prevent a collusive dismissal by plaintiff of an action in which others may be legitimately interested. It does not apply to an order of dismissal of the court upon the merits. Hutchinson v. Fidelity Inv. Ass'n, 4 Cir., 106 F.2d 431. The judgment is affirmed.