## GULLO et al. v. VETERANS' COOP. HOUSING ASS'N et al.

### Civ. A. 2639–52.

United States District Court
District of Columbia.
Aug. 1, 1952.

Eugene J. Schubert, Joseph S. Gullo, Washington, D. C., for plaintiffs.

James R. Worsley, Jr., Edward L. Bridges, Washington, D. C., for defendants.

KEECH, District Judge.

This case came on for hearing on the defendants' motion to dismiss the complaint filed by two members of the Veterans' Cooperative Housing Association, out of a total membership of 405, brought as an alleged class action and seeking relief in dual form—declaratory judgment and mandatory injunction.

The plaintiffs seek a judgment declaring that "the legal status of a member of VCHA in his purchased apartment in Naylor Gardens is in form a landlord-tenant relationship, but in substance the apartments are owner-occupied; that the amounts paid by the members apartment-owners as 'rent' really represents the cost of operation, maintenance, repairs, interest and property-purchased amortization of their own property; that members of VCHA are owners of their own apartments and have legal title thereto." The plaintiffs further seek a mandatory injunction compelling the defendants, VCHA and the manager and members of the Board of Directors of VCHA, to maintain books and records in which excess assessment payments by the individual members to the Association will be allocated, distributed, or credited on a membership basis; to make such allocation and distribution or credit to members' accounts on the books and records of the Association at least once a year; to apportion and distribute or credit to each cooperative owner the surplus assessment payments accumulated as of December 31, 1951; to resume and pursue the policy of selling or causing to be sold as many apartments as possible in order to attain a true or one hundred percent cooperative project; and to make the books and records of the Association available to the members of the Association for inspection.

Upon consideration of the complaint, exhibits, and motion to dismiss, and after full argument, I have concluded that the motion to dismiss should be granted.

■ As to the declaratory judgment aspect, I conclude that the complaint alleges a controversy, rather than a mere request for an advisory opinion as to the character of the interests of members of the Association, since it does allege that the defendants, pursuant to their interpretation of the character of the members' holdings, have taken action harmful to the plaintiffs. Agnew v. Hoage, 69 App.D.C. 116, 99 F.2d 349, 351. I further conclude that this aspect of the complaint sets forth sufficient facts to constitute the subject of a true class action, but find that the plaintiffs have failed to show that they "will fairly insure the adequate representation of all" members, as required by Rule 23(a) (1), 28 U.S.C.A. Knowles v. War Damage Corp., 83 U.S.App.D.C. 388, 391, 171 F.2d 15, 18; Pelelas v. Caterpillar Tractor Co., 7 Cir., 113 F.2d 629, 632. Not only does the complaint fail to allege any facts offsetting the inference which arises from the discrepancy between the number of plaintiffs and the total number of persons in their class, but a reading of the complaint as a whole indicates the plaintiffs do not fairly represent the other members.

■ As to the injunction portions of the complaint, I conclude not only that the plaintiffs do not allege sufficient facts to

show that they adequately represent their class, but I further find that the cause of action for injunction alleged is a "spurious class action" and that the court is without jurisdiction on the showing made in the complaint that the claims of the individual members are less than $3,000. Knowles v. War Damage Corp., supra, 83 U.S.App.D.C. at page 392, 171 F.2d 15.

For the foregoing reasons the motion to dismiss will be granted. Counsel will present an appropriate order promptly.