## WEBSTER & Another *v.* BUFFALO INSURANCE COMPANY.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

Argued January 24th, 1884.—Decided February 4th, 1884.

*Jurisdiction.*

When the pleadings plainly show that a sum below the jurisdictional amount is in controversy, the court cannot accept a stipulation of the parties that judgment may be entered for a sum in excess of that amount.

The case is stated in the opinion of the court. The question of jurisdiction, decided in the case, was not raised by the parties, but was suggested by the court of its own motion during the argument.

*Mr. Jefferson Chandler* for plaintiffs in error.

*Mr. O. B. Sansum* for defendant in error.

Mr. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a suit upon an open cargo policy of insurance issued by the Buffalo Insurance Company to the firm of Webster, Heinicke & Coglin " on shipments of merchandise to them at St. Louis, . . . they stipulating to report all such shipments and modes of transit to this office as soon as advised thereof." The aggregate amount of the company's liabilities under the policy was in no case to exceed $5,000 on one vessel at any one time, unless special arrangements were mutually agreed upon for amounts exceeding that sum. One of the conditions of the

policy was that, "in case of total loss, the adjustments of the same shall be made upon the valuations specified in the policy, if any; but in the absence of a valuation, then upon the invoice price, without reference to the market value of the article insured."

The allegation of Webster & Coglin in their pleading is, that:

"On the 26th day of February, 1879, they notified defendant at its office in said city of St. Louis of the shipment to them at the said city of St. Louis, from the port of Liverpool, England, on some steamboat whose name was then unknown to said firm, of the merchandise mentioned in the plaintiffs' petition, and requested defendant to enter said shipment on defendant's books at the valuation of four thousand dollars, and then and there delivered to defendant a written and printed application for entering said merchandise under said policy upon a blank form furnished by defendant therefor. Whereupon the defendant, by and through their agents . . . accepted said notice, and then and there agreed to accept said risk for said firm under said policy of insurance . . . and to cover the merchandise mentioned in plaintiffs' petition under said policy in the sum of four thousand dollars."

The goods were lost on the voyage, and this suit was begun on the 1st of May, 1879. The further allegation is that the goods were worth $5,010, and a judgment is asked for that amount. The defence is that the policy did not include the ocean risk, and was limited to "river cargo," and nothing else.

On the 23d of April, 1880, the following stipulation was filed in the cause:

"The plaintiffs and defendants agree that the value of the merchandise described in the plaintiffs' said petition is the sum of $4,800, and that upon the trial of this cause neither party shall give any evidence as to said value. Also, that if the court shall be of opinion that the plaintiffs are entitled to judgment, the judgment shall be entered for the sum of $5,010. But this agreement is expressly limited to the single fact of value, and is not to

be taken as admitting any right of the plaintiffs to recover in
this case. It being well understood by the plaintiffs that as to
all facts necessary to be proved by the plaintiffs to entitle them
to judgment they must make legal proof thereof, excepting only
the value of the merchandise aforesaid."

Judgment was given for the company on facts found, and to
reverse that judgment this writ of error was brought.

It was decided in *Lee* v. *Watson*, 1 Wall. 337, 339, that—

" In an action upon a money demand, where the general issue
is pleaded, the matter in dispute is the debt claimed, and its
amount, as stated in the body of the declaration, and not merely
the damages alleged, or the prayer for judgment at its conclu-
sion, must be considered in determining whether this court can
take jurisdiction on a writ of error sued out by the plaintiff."

Such is now the established rule.  *Schacker* v. *Hartford Fire
Insurance Company*, 93 U. S. 241 ; *Gray* v. *Blanchard*, 97
U. S. 564 ; *Tintsman* v. *National Bank*, 100 U. S. 6 ; *Banking
Association* v. *Insurance Association*, 102 U. S. 121 ; *Hilton* v.
*Dickinson*, 108 U. S. 65.  In the present case, although the
value of the goods is alleged to have been $5,010 and a judg-
ment is asked for that amount, it appears distinctly, both in
the petition of the plaintiffs and their reply to the answer of
the defendant, that the insurance was for $4,000 and no more.
The loss occurred at some time after February 26th, 1879, and the
judgment was rendered January 4th, 1881, so that if the plain-
tiffs had recovered according to their claim as stated in the plead-
ings, their judgment, after interest was added to the amount
of the insurance, would have been less than $5,000.  Although
it was agreed that the goods were actually worth more than
$4,000 and the loss was total, it was one of the conditions of
the insurance that the adjustment should be made upon the
valuation specified in the policy.  The actual value of the
goods at the time of the insurance or of the loss is therefore
unimportant.

We cannot accept the stipulation of the parties, that judg-
ment might be entered for $5,010, if the court should be of

opinion that the plaintiffs were entitled to recover at all, as giving us jurisdiction. The dispute, as developed in the pleadings, was as to the liability of the company upon a contract of insurance for $4,000, and no more. Arrangements between parties contradictory to their pleadings, and so evidently made for the purpose of enlarging the case sufficiently to bring it within the jurisdiction of this court, cannot be recognized here. It follows that the writ should be dismissed for want of jurisdiction ; and it is so ordered.

*Dismissed.*