[No. 12009. Department One. December 17, 1914.]

MICHAEL CLOHERTY, *Respondent*, v. JOHN G. GRIFFITHS, *Appellant*.[1]

MUNICIPAL CORPORATIONS — STREETS — NEGLIGENT USE — LAW OF ROAD—QUESTION FOR JURY. Whether the driver of an automobile was guilty of negligence in running down a bicyclist who was keeping to the extreme right-hand side (Rem. & Bal. Code, § 5569, providing that automobiles going in the same direction, must pass on the right-hand side) is a question for the jury; since the presence and position of the bicyclist was known to the driver of the automobile, notwithstanding the statute.

SAME—STREETS—NEGLIGENT USE — COMPLAINT — SUFFICIENCY. A complaint alleging that defendant drove an automobile along the road behind plaintiff, who was in a place of safety, and negligently ran his automobile on and against the plaintiff with great force and speed, is sufficient without alleging further any particular ground of negligence.

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS. Error cannot be predicated on the refusal of requested instructions which were fully covered in the general charge.

APPEAL—REVIEW—HARMLESS ERROR. It is not prejudicial error to refuse a requested instruction to the effect that the jury should

[1]Reported in 144 Pac. 912.

not be guided by passion, sympathy, or prejudice, in view of the juror's oath, and an instruction to find a verdict consistent with the preponderance of the evidence and the law as given by the court.

MUNICIPAL CORPORATIONS—STREETS — USE — CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS. In an action by a bicyclist, run down by an automobile while he was riding on the extreme right-hand side of the street, it is not error, on an issue of contributory negligence, to instruct that the burden of establishing the defense was on the defendant to show that the *collision was occasioned* by the plaintiff's carlessness; since the instruction, in legal effect, is one on proximate cause.

APPEAL—REVIEW—WAIVER OF ERROR—FAILURE TO OBJECT TO MISCONDUCT OF JURORS. Error cannot be predicated upon remarks of jurors when viewing premises, in violation of the direction of the court, where appellant's counsel were present, did not call it to the attention of the court before proceeding with the trial, but speculated upon the verdict.

DAMAGES—PERSONAL INJURIES—EXCESSIVENESS. A verdict for $2,500 for injuries sustained by an old man run down by an automobile, are not excessive, where he sustained a fractured pelvic bone and ribs, scalp wounds, and severe bruises, and injury to the abdomen, causing frequent vomiting, which still persists.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered October 31, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained when run down by an automobile. Affirmed.

*Claassen & Williams*, for appellant.

*Boyle, Brockway & Boyle*, for respondent.

CHADWICK, J.—Plaintiff, while riding a bicycle on the main highway between Tacoma and South Tacoma, was struck by defendant's automobile and suffered the injuries of which he now complains. From a verdict and judgment in favor of plaintiff, defendant has appealed.

Plaintiff's testimony tends to show that he was following the extreme right-hand side of the road when defendant drove up behind him. It is contended that, when plaintiff became aware of the approach of defendant's machine it was his duty

to turn out to his left so that defendant could turn or pass to the right. Rem. & Bal. Code, § 5569 (P. C. 33 § 15). Or, to restate the proposition, to leave the extreme right side of the road and go over to the left side leaving the right half of the way clear for the defendant. The presence and position of plaintiff was known to the driver of the machine, and notwithstanding the statute, the question for the jury was whether defendant exercised that degree of care for the safety of plaintiff which should mark the conduct of a man of ordinary prudence, acting under a like set of circumstances. We have but recently passed upon this phase of the law, holding:

"Being in imminent danger, an emergency was presented, and whether, under this emergency, the respondent acted with due prudence is, under all the authorities, a question of fact for the jury. The law does not scrutinize too carefully an act done by one who has been put in a position of danger by the one who inflicts injury upon him, leaving it for the jury to say under such circumstances whether the act in seeking to avoid the danger was the act of an ordinarily prudent man. It is true, we have said in a number of cases, and it is undoubtedly the law, that the failure to observe the law of the road is negligence. But this rule must be applied in connection with the circumstances under which its observance is called for, and as applied to the facts in this case, we do not think that we can say, as a matter of law, that respondent's act was such as to preclude his recovery." *Sheffield v. Union Oil Co.*, *ante* p. 386, 144 Pac. 529.

It is complained that the complaint does not state a cause of action in that after stating the due care of plaintiff it alleges that "defendant, operating, using and driving an automobile, drove along said road behind the plaintiff and carelessly, negligently and disregarding the right of plaintiff, ran his automobile and drove the same on, upon and against the plaintiff with great force and speed, etc.," but it does not allege the particular ground of negligence, that is, excessive speed, reckless driving, exceeding speed limit, in-

competence, failure to sound a warning, failure to concede right of way, or intoxication.

We think the complaint is sufficient. It is a plain, concise statement of the facts relied on and of the fact that plaintiff was in a place of safety and that defendant ran him down with force and speed. Nothing would have been added to the complaint had it contained the conclusion of the pleader that defendant was guilty of "reckless driving."

Error is predicated upon the refusal of the court to give a requested instruction covering the law of mutual or concurring negligence. The only difference between the requested instruction and the one given by the court is that the reason for the rule is there set out. The law does not require a trial judge to give reasons for a rule. It is enough if he charges the law.

Other requested instructions were refused, but we find that the law was sufficiently covered by the court in the instructions given and for that reason we shall not discuss them.

The court was asked to instruct the jury that it should not be guided by "passion, sympathy or prejudice" in arriving at its verdict. While the court might have added these words to the general instructions which are given in all cases and were given in this, the failure to do so cannot be held to be error. This, upon the theory that a juror will not be unmindful of his oath and the direction of the court to find a verdict consistent with a preponderance of the evidence and the law as given by the court.

In instructing upon the defense of contributory negligence, the court told the jury that the burden of establishing the defense was upon defendant to show that the *collision was occasioned* by reason of the carelessness of the plaintiff. It is contended that this is hostile to the defense tendered in the answer; that is, that "such injury was due to his own carelessness, fault and contributory negligence." The point is made that the burden was not on defendant to show that the negligence of plaintiff occasioned the collision; that all he

had to do was to prove that, although there had been negligence on his part, the accident would not have happened if the negligence of plaintiff had not contributed thereto. We think the instruction goes no further than this. It is, in legal effect, an instruction on proximate cause and put no greater burden upon defendant than the usual instruction upon that phase of the law would put upon him; that is to say, that, if the jury found that the act of the plaintiff was the proximate cause.of the injury, they should find for the defendant.

Error is assigned in that two certain jurors, when viewing the scene of the accident in company with other jurors and counsel for the respective parties, and when under a strict admonition of the court not to talk of or concerning the case, made remarks indicating that the court had been unfair in permitting the defendant to point out the scene of the accident and had not directed that the plaintiff or his principal witness should likewise do so.

We are not inclined to hold that such comments indicate any unfairness on the part of the jurors, but the objection is not well taken for another and a more substantial reason. The showing is made by affidavits subscribed by counsel for the defendant. It is evident, therefore, that being aware of what they now conceive to be a breach of the rule and direction of the court, they should have called it to the attention of the court before proceeding with the trial. We think it is a rule of universal application, requiring no citation of authority, that neither counsel nor a party to an action, being aware of an alleged impropriety on the part of a juror, can speculate upon the verdict and thereafter assign the alleged impropriety as error.

The jury returned a verdict for $2,500. This is alleged to be so excessive as to indicate passion and prejudice on the part of the jury. Although the plaintiff is quite an old man and his years of activity may be few, we think, considering the nature of his injuries—a fractured pelvic bone, fractured

ribs, some scalp wounds, severe bruises, and an injury to the abdomen causing frequent vomiting which still persists— the amount allowed by the jury is not so great as to warrant us in holding that the verdict reflects passion and prejudice as a matter of law.

The final contention of the defendant that the verdict is not supported by a preponderance of the evidence cannot be sustained. If the facts, as detailed by the plaintiff and his witnesses, are to be believed, there was sufficient evidence to warrant the jury in finding for the plaintiff.

Affirmed.

CROW, C. J., MAIN, ELLIS, and GOSE, JJ., concur.