## No. 10,295.

### SCHWALBE *v.* POSTLE, ET AL.

#### Decided April 2, 1923.

Action by architects for services rendered under an uncompleted contract. Judgment for plaintiff's.

### *Reversed.*

1. PLEADING—*Complaint.* Allegations of a complaint for services rendered, reviewed, and held not to state a cause of action.

2. DAMAGES—*Measure of.* In an action by architects for services rendered, where defendant refused to complete the contract, the measure of damages was the amount which they were induced to expend on the faith of the contract, including a fair allowance for their time and services, together with anticipated profits which could be legally claimed.

   An instruction of the court on the measure of damages, held erroneous.

3. ACTIONS—*Breach of Contract.* Where a contract is partly executed by one of the parties, and the other fails or refuses to proceed under its terms, the complaining party may sue for damages

for breach of the contract, or for the value of what he has done.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. CHARLES H. SMALL, Mr. W. B. MORGAN, for plaintiff in error.

Mr. FREDERICK SASS, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

POSTLE & FISCHER, plaintiffs below, had a verdict and judgment against Barbara E. Schwalbe for $4,641, and she brings error. She claims that the complaint states no cause of action. Omitting much surplusage and matters of mere evidence, it is in substance as follows:

"That plaintiff's are architects; that June 2nd, 1914, in Chicago, defendant employed them to prepare plans and specifications for a hotel in Oak Park, and to supervise the construction of it.

That pursuant to said employment and at the special instance and request of defendant they prepared plans and specifications which she approved. That the total cost of the building was $154,700. That defendant refused to go on with it. That the reasonable value of said services in preparing plans, specifications and of supervision was 5% of said cost. That they allowed defendant on said value $3094, and claimed but $4,641, which had not been paid.

Prayer for $4641."

There was a motion to make this complaint more definite and certain, which was properly denied. A general demurrer was overruled. It should have been sustained. The complaint stated no cause of action. If it be regarded as a complaint on an express contract it states no promise or agreement; nor does it expressly state a consideration. If it be regarded as quantum meruit or indebitatus assumpsit for the value of the services performed, it states

no value of the services performed, but only of all the services to be performed.

After the evidence was in, the court allowed the plaintiff to amend by stating that the defendant agreed to pay five per cent. of said cost for the plans, specifications and supervision, and instructed the jury that, if they found for the plaintiffs, the measure of damages was said five per cent, in no event to exceed $4,641. This was erroneous. The measure of damages was such loss as the plaintiffs actually suffered, (17 C. J. 855) ; that is, the amount which they have "been induced to spend on the faith of the contract, including a fair allowance for their own time and services" together with anticipated profits, subject, of course, "to the rules of law as to the character of profits which may be thus claimed." *United States v. Behan,* 110 U. S. 338, 345, 4 Sup. Ct. 81, 84.

The plaintiffs had their choice to sue for damages for breach of the contract by failure to go on with it, or to sue for the value of what they had done. *United States v. Behan, supra; Dubois v. Del. & Hudson Canal Co.,* 4 Wend. (N. Y.) 285; *Derby v. Johnson,* 21 Vt. 17; *Pedan v. Hopkins,* 13 Serg. & R. (Pa.) 45; *Davis v. Ayres,* 9 Ala. 292; *Perkins v. Hart,* 11 Wheat. (U. S.) 237, 6 L. Ed. 463; *Johnson v. Trinity Church Soc.,* 11 Allen (Mass.) 123; *Cath. Bishop v. Bauer,* 62 Ill. 188; Shipman C. L. Pl., pp. 23-24, and cases cited.

As we have seen, the complaint did not state a cause of action on either theory. It may be doubted whether the amendment made it good, since it did not express a consideration for the promise; assuming, however, that it did make it good, the case must be reversed because of the erroneous instruction.

We venture to suggest that if pleaders would keep in mind the allegations essential at common law to a declaration in special or general assumpsit or would use any good code form book such difficulties as have come up in this case would be avoided.

The judgment is reversed with directions to permit the

amendment of the complaint to state one or the other or both of these causes of action and for a new trial on completion of the pleadings.