No. 10,859.

CHRISTY v. HAMMITT.

Decided February 2, 1925.   Rehearing denied March 2, 1925.

Action on promissory note.   Judgment for defendant.

*Affirmed.*

1.   BILLS AND NOTES—*No Consideration—Conditional Delivery—Evidence.*   Evidence in support of a defense of no consideration or conditional delivery, in an action on a promissory note, must be clear and convincing.

2.   PLEADING—*Inconsistent Defenses.*   In an action on a promissory note, defenses of conditional delivery and want or failure of consideration, are not inconsistent.

3.      *Appeal and Error.*   In an action on a promissory note, the defenses of want of consideration and conditional delivery, should be separately stated, but if they are not and no motion to separate is made, error cannot be assigned on that point.

4.   APPEAL AND ERROR—*Defenses—Facts.*   Where the defenses of want of consideration and conditional delivery are asserted in the same pleading, whether facts sufficient to constitute want of consideration are stated, is immaterial, if the stated facts are sufficient to constitute the other defense.

5.   PLEADING—*Admissions—Evidence.*   Generally, admissions once made in a pleading cannot be withdrawn by amendment, although this is not always the case.
        Admissions, if any, in the pleadings under consideration, insufficient to require a reversal.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Mr. S. H. KINSLEY, Mr. LEON W. SNYDER, for plaintiff in error.

Mr. THOMAS I. PURCELL, Mr. JAMES T. LOCKE, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

CHRISTY was defeated on trial to the court in a suit against Hammitt on a promissory note of which Hammitt was maker and he was payee. He brings the case here on error.

The defenses were no consideration, and delivery on condition unfulfilled. There was a general finding for defendant Hammitt. The principal claim here is that the evidence fails to justify the judgment, since, it is claimed, the record shows that there was a consideration and that there was no conditional delivery.

The essential facts are that Christy was the holder of notes signed by one Meyer and one Willie, with bank stock in the Peoples State Bank of Towner, Colorado, represented by certificate No. 48, belonging to Meyer as collateral. The defendant Hammitt, with Willie and one Berling and one Rine, signed the note in question with several other notes and delivered them to Christy at Scott City, Nebraska. Christy thereupon mailed the old notes to the Cashier of the bank at Towner, saying, inter alia, "I also enclose certificate No. 48 for 80 shares which I am holding as collateral * * * This cert. is sent you for the convenience of Willie who wishes to reissue these shares. The new cert for the same number of shares to be endorsed and returned to me as collateral. I am also sending notes of Meyer and Willie to be delivered to Mr. Willie or Mr. Meyer when the new stock has been reissued, and forwarded to me * * *."

The plaintiff claims that defendant Hammitt and his comakers wished to purchase Meyer's stock and asked him, the plaintiff, to accept their notes in lieu of Meyer's and to send the old notes and stock to Towner for surrender and transfer; that he consented, took the new notes, including the one in suit, cancelled the old notes and mailed them with the stock to Towner accordingly; and that the subsequent refusal of Meyer to part with the stock was no concern of his. The defendants claim that Christy agreed

to procure the transfer of the stock and that the delivery of the new notes was conditioned on the transfer, that Meyers refused and so the condition failed. The evidence is somewhat unsatisfactory but the probabilities are in Hammitt's favor and the directions in the letter quoted above indicate an intention on Christy's part to hold the old notes until a transfer of the stock was completed and so tend strongly to show his cancellation of the old notes was conditional on the consent of Meyer to the transfer. Although to support such a defense the evidence must be clear and convincing, we cannot say that it was not properly so to the court below, and we therefore cannot overturn the finding of the court on this point.

The plaintiff in error claims that the answer of defendant does not state a defense either as to conditional delivery or want or failure of consideration, because, if pleaded at all, these two defenses are set up not separately, but as one, and, being inconsistent, neutralize each other. We cannot agree that they are inconsistent. It is possible that any instrument may be conditionally delivered and also want a consideration and this must always be so when, as in the present case, the condition is the performance of the consideration. The same may be said of failure of consideration.

The defenses should have been separately stated but no motion to separate was made, so no error can be assigned on that point. Whether the facts sufficient to constitute want of consideration were stated is immaterial since facts were stated which were sufficient to constitute the other defense.

We think plaintiff's counsel are right in their claim that an admission once made in pleading cannot be withdrawn by amendment, though this is not always the case (*Moe v. Lowry,* 69 Colo. 371, 375, 194 Pac. 363), but we do not find in the abstract any admission or statement in these confused pleadings that is necessarily inconsistent with the plea of conditional delivery. The nearest approach to such a statement is a plea of failure of consideration in the orig-

inal answer; consequently, since that plea, (conditional delivery) as we have shown, has been maintained, the admissions, whatever they are, are insufficient to require a reversal.

Judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.