No. 11,271.

SCHWALBE *v.* POSTLE, ET AL.

Decided June 21, 1926. Rehearing denied September 27, 1926.

Action by architects to recover for services rendered. Judgment for plaintiffs.

*Affirmed.*

1. APPEAL AND ERROR—*Sufficiency of Evidence.* In an action by architects to recover for services rendered, record reviewed and the evidence held sufficient to support a verdict and judgment for plaintiffs.

2. WITNESSES—*Jurisdiction of Court.* Whether a witness is beyond the jurisdiction of the court so as to make his testimony given on a former trial admissible in evidence, is a question for the trial court whose finding thereon will not be disturbed on review.

3. EVIDENCE—*Absent Witness—Record.* A witness being beyond the jurisdiction of the court, his evidence taken on a former trial and preserved and identified by bill of exceptions is competent on a second trial.

(1)

4. TRIAL—*Changed Issues—Evidence.* The contention of defendant that the issues on a second trial were changed by amendment to the complaint, and the evidence of a witness on a former trial being introduced in his absence, she was prevented from cross-examining him on the changed issues, overruled.

5. APPEAL AND ERROR—*Instructions—No Objection.* Under Supreme Court rule 7, a party is required to make specific objections to an instruction in the trial court, to entitle him to assign error thereon on review.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. W. B. MORGAN, Mr. CHARLES H. SMALL, for plaintiff in error.

Mr. FREDERICK SASS, Mr. CHARLES F. MORRIS, for defendants in error.

*En banc.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THIS is an action brought by defendants in error against Barbara E. Schwalbe, for services as architects in preparing plans, drawings and specifications for a hotel building proposed to be erected in Oak Park, Cook County, Illinois. The plaintiffs had judgment and the defendant comes here on error to review that judgment. The parties will be designated as in the court below.

The first trial of the case resulted in a verdict and judgment for plaintiffs, which was reviewed here (*Schwalbe v. Postle*, 73 Colo. 181, 214 Pac. 388), reversed and remanded for a new trial. The second trial resulted the same as the first, and we are now called upon to review the second judgment entered against the defendant.

The contention that the court erred in refusing to direct a verdict for the defendant is without merit. We have taken the pains to examine the transcript, and have read all of the evidence brought into the record by the bill of exceptions, and after doing so, we have no doubt as to the sufficiency of the evidence to support the verdict and the judgment.

It is further urged that the testimony of the witness Snodgrass, taken at the first trial, was improperly received in evidence. The testimony at the last trial showed that the witness Snodgrass was beyond the jurisdiction of the court. The testimony was positive and uncontradicted that the witness was in Hollywood, California. This was primarily a question for the trial court, and the court having held the showing sufficient, its finding will not be disturbed on review. When the trial court determined that these facts had been established by the evidence, then the testimony of Snodgrass, taken at the former trial, preserved and identified by the bill of exceptions prepared and brought here by the defendant on the first review, was clearly competent evidence on the second trial.

The defendant further contends that the amended pleading presented a different issue on the second trial, and that the admission of the testimony of Snodgrass deprived her of her right to cross-examine the witness with respect to the changed condition of the pleadings. We do not give our assent to this contention. The issues were not changed by the amendment of the complaint. The cause of action stated in the amended complaint was the same as the cause imperfectly stated in the original complaint. The theory of the defendant advanced on the second trial was the same as the one urged by her upon the first trial. The ruling of the trial court was right.

Counsel objects to the giving of instruction No. 2 on several grounds, none of which were raised upon the trial. Our established practice requires a party to make

specific objections to an instruction in the trial court to entitle him to assign error on review. Our rule 7 provides: "Counsel shall present to the trial court, at or prior to the close of the evidence, such instructions as they may desire. The court shall afford respective counsel a reasonable time and opportunity to examine proposed instructions, whether requested, or to be given by the court of its own motion, and to prepare and present specific objections thereto before such instructions are given to the jury. On motion for new trial, or on review by the supreme court, only the grounds so specified shall be considered." The objections urged here were not raised in the trial court.

We find no reversible error in the record before us, and the judgment is therefore affirmed.