## No. 11,524.

## SANDNER *v.* TEMMER.

Decided February 14, 1927.

Action for personal injuries growing out of an automobile collision.  Judgment for defendant.

## *Affirmed.*

1.  APPEAL AND ERROR—*Instructions—Objections.*   A party must make specific objections to instructions in the trial court if error based thereon is to be considered on review.  A general objection is not sufficient.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. AXEL P. JOHNSON, Mr. PAUL F. IREY, for plaintiff in error.

Messrs. CRUMP & RILEY, for defendant in error.

*Department One.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THIS action is to review a judgment in favor of the defendant in error upon a verdict in an action for personal injuries sustained by plaintiff in error as the result of a collision of defendant in error's automobile with an automobile standing on the side of a paved road, in which plaintiff was a passenger.

The only question attempted to be raised for our consideration is the correctness of instruction No. 13, given by the court.  To the giving of this instruction counsel for plaintiff in error made a general objection.

We said, in *Schwalbe v. Postle,* 80 Colo. 1, 249 Pac. 495: "Our established practice requires a party to make specific objections to an instruction in the trial court to entitle him to assign error on review. Our rule 7 provides: 'Counsel shall present to the trial court, at or prior to the close of the evidence, such instructions as they may desire. The court shall afford respective counsel a reasonable time and opportunity to examine proposed instructions, whether requested or to be given by the court of its own motion, and to prepare and present specific objections thereto before such instructions are given to the jury. On motion for new trial, or on review by the Supreme Court, only the grounds so specified shall be considered.' "

Under this condition of the record, we are precluded from reviewing the instruction, and the judgment below is therefore affirmed.

Mr. Chief Justice Burke, Mr. Justice Denison and Mr. Justice Sheafor concur.