## No. 11,883.

## Koontz *v*. The People.

Decided December 5, 1927.   Rehearing denied December 27, 1927.

Plaintiff in error was convicted of taking indecent liberties with a child, and of the crime against nature.

*Affirmed in Part.*

*Reversed in Part.*

1.  Criminal Law—*Evidence.*   In a prosecution for taking indecent liberties with a child, whether the victim of the assault could be interrogated on cross-examination as to whether he had had homo-sexual relations with other persons than the defendant, held within the discretion of the trial court, whose ruling thereon will not be disturbed on review.

2.  Witnesses—*Credibility.*   Where the evidence is in direct conflict, it is for the jury to pass upon the credibility of the witnesses.

3.  Criminal Law—*Instructions—Time of Offense.*   In a criminal prosecution for taking indecent liberties with a child, a requested instruction requiring the jury to acquit unless they found the offense was committed on February 14th, the date alleged, held properly refused where, under the evidence, it may have been committed on the 14th or 15th, and a finding on either date would justify a verdict of guilty.

4.  Appeal and Error—*Instructions—Objections.*   Where no specific objection is made to an instruction before it is given to the jury, an assignment of error based thereon will not be considered on review.

5.  Criminal Law—*Sodomy—Crime Against Nature—Indecent Liberties.*   Under C. L. § 6695, insertion per os does not constitute sodomy, the infamous crime against nature.   It does, however, come within C. L. § 6696 which prohibits the taking of indecent liberties with a child.

### On Rehearing.

6.  Appeal and Error—*Criminal Law—Technical Errors.*   Where a verdict and judgment are manifestly correct, technical errors are not ground for reversal.

*Error to the District Court of the City and County of Denver, Hon. Henry Bray, Judge.*

Messrs. MORRISSEY, MAHONEY & SCOFIELD, Mr. HAROLD G. KING, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. WILLIAM W. GAUNT, Assistant, for the people.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

Two informations were filed, and the cases were consolidated for trial. In one case (No. 28,859), the defendant was found guilty of taking indecent liberties with the person of the prosecuting witness, a male child under the age of 16 years. He was sentenced to imprisonment in the penitentiary for not less than 5 nor more than 7 years. In the other case (No. 28,777), the defendant was convicted on two counts, charging in different language, the infamous crime against nature with the prosecuting witness. Under each count the defendant received the same sentence as in case No. 28,859, the three sentences to run concurrently. The charges all concern one act, alleged to have been committed at the defendant's home on February 14, 1926.

1. We will first consider the objections relied upon to secure a reversal of the judgment in case No. 28,859, charging the defendant with taking indecent liberties.

(a) It is assigned as error that the trial court sustained objections to a question asked of the prosecuting witness, as to whether he had homo-sexual relations with persons other than the defendant. As we said in *Wilkins v. People,* 72 Colo. 157, 209 Pac. 1047, if such evidence is competent, its admission is within the court's discretion, and we will not interfere with the court's ruling.

(b) The verdict is not so unsupported by the evidence as to justify a reversal. The evidence was in direct conflict, and it was for the jury to pass upon the credibility of the witnesses.

(c) The court refused to give an instruction requested by the defendant. That instruction, in effect, required the jury to acquit the defendant unless it found beyond a reasonable doubt that the offense was committed on February 14, 1926. The refusal was proper. The prosecuting witness, testified that he went to the defendant's home in the evening of "Saturday, February 14," and stayed with the defendant all night, and that the act was committed some time after midnight. The calendar shows that Saturday was the 13th of February, not the 14th. If the prosecuting witness was correct in saying that he went on the 14th, the act was committed on Monday, the 15th. If, however, he went on Saturday, the 13th, the act was committed on Sunday, the 14th. It was sufficient, to justify a verdict of guilty, for the jury to find that the offense was committed on either the 14th or the 15th.

(d) The assignment principally relied upon is the giving of instruction No. 3. The third instruction given to the jury is as follows: "In a prosecution of this character, the people are not bound to prove the exact date as alleged in the information. It is sufficient if it shall appear from the evidence, to your satisfaction, beyond a reasonable doubt, that the defendant committed the crime charged in the information at any period of time within three years before the 6th day of August, 1926, the date of filing the information."

The objection argued in this court is similar to the one passed upon in *Eby v. People,* 63 Colo. 276, 165 Pac. 765, which case, however, is not cited in the briefs, though cases from other jurisdictions are called to our attention. No such specific objection was made to instruction 3 before the instructions were given to the jury; such objection, therefore, will not be considered on review. Su-

preme Court rule 7; *Schwalbe v. Postle,* 80 Colo. 1, 249 Pac. 495; *Sandner v. Temmer,* 81 Colo. 57, 253 Pac. 400. If the specific objection now made had been called to the attention of the trial court at the proper time, the court could, and no doubt would, have avoided the difficulty by a few strokes of the pen. It was to give trial courts that very opportunity that rule 7 was adopted.

The judgment in case No. 28,859 is affirmed.

2. In case No. 28,777 there was a conviction on two counts. The first charges the commission of "the infamous crime against nature" with the prosecuting witness on February 14, 1926. The second count charges the commission of the same offense on the same date by carnally knowing the prosecuting witness "in the mouth of him the said" prosecuting witness. A motion to quash the second count was denied. The evidence to sustain both counts was to the effect that the act was committed per os. There was no evidence showing, or tending to show, a commission of the act per anum. If the act specifically charged in the second count constitutes "the infamous crime against nature," the motion to quash was properly denied.

The prosecution was brought under C. L., sec. 6695, which reads: "The infamous crime against nature, either with man or beast, shall subject the offender to be punished by imprisonment in the penitentiary for a term not less than one year, and such imprisonment may extend to life."

The statute does not say, "one of the crimes against nature," or "a crime against nature," or "any crime against nature," but *"the* infamous crime against nature." It does not define such crime. At common law, "the infamous crime against nature" was sodomy. 4 Blackstone, Comm. p. 215. Section 7145, C. L., provides that each and every person who may be convicted of "sodomy or *the* crime against nature," shall be deemed infamous, and shall be incapable of holding any office of honor, trust or profit, or voting at any election, or serv-

ing as a juror, or giving testimony. This section recognizes and adopts the common law designation of sodomy as the infamous crime against nature. But, even if it were otherwise, where the statute does not define a crime, but merely gives to it its common-law name or designation, resort must be had to the common law to ascertain what acts constitute the crime in question. *State v. Johnson,* 44 Utah 18, 137 Pac. 632. At common law, sodomy, "the infamous crime against nature," was committed only by penetration per anum; penetration per os did not constitute the crime. *Rex v. Jacobs,* 1 Russ. & Ryan's Cr. Cas. 331; *State v. Johnson,* 44 Utah 18, 137 Pac. 632; *Weaver v. Territory,* 14 Ariz. 268, 127 Pac. 724; *Kinnan v. State,* 86 Neb. 234, 125 N. W. 594, 27 L. R. A. (N. S.) 478 (annotated in 21 Ann. Cases, 335); *People v. Boyle,* 116 Cal. 658, 48 Pac. 800; *Prindle v. State,* 31 Tex. Cr. 551, 21 S. W. 360, 37 Am. St. Rep. 833; *Mitchell v. State,* 49 Tex. Cr. 535, 95 S. W. 500; *Lewis v. State,* 36 Tex. Cr. 37, 35 S. W. 372, 61 Am. St. Rep. 831.

Counsel for the people cite the following cases to the contrary: *Honselman v. People,* 168 Ill. 172, 48 N. E. 304; *Kelly v. People,* 192 Ill. 119, 61 N. E. 425, 85 Am. St. Rep. 323; *Woods v. State,* 10 Ala. App. 96, 64 So. 508; *Strum v. State,* 168 Ark. 1012, 272 S. W. 359; *Smith v. State,* 150 Ark. 265, 234 S. W. 32; *State v. Maida,* 6 Boyce (Del.) 40, 96 Atl. 207; *Ephraim v. State,* 82 Fla. 93, 89 So. 344; *Jackson v. State,* 84 Fla. 646, 94 So. 505; *White v. State,* 136 Ga. 158, 71 S. E. 135; *Jones v. State,* 17 Ga. App. 825, 88 S. E. 712; *Comer v. State,* 21 Ga. App. 306, 94 S. E. 314; *Territory v. Wilson,* 26 Hawaii 360, 362; *Glover v. State,* 179 Ind. 459, 101 N. E. 629, 45 L. R. A. (N. S.) 473; *Young v. State,* 194 Ind. 221, 141 N. E. 309; *State v. Hurlbert,* 118 Kans. 362, 234 Pac. 945; *State v. Guerin,* 51 Mont. 250, 152 Pac. 747; *State v. Griffin,* 175 N. C. 767, 94 S. E. 678; *State v. Nelson,* 36 N. D. 564, 163 N. W. 278; *Franklin v. State,* 33 Ohio Cir. Ct. 21; *Ex Parte De Ford,* 14 Okla. Cr. 133, 168 Pac. 58; *State v. Start,* 65 Or. 178, 132 Pac. 512, 46 L. R. A,

(N. S.) 266; *State v. Wedemeyer*, 65 Or. 198, 132 Pac. 518; *State v. Whitmarsh*, 26 S. D. 426, 128 N. W. 580; *In re Benites*, 37 Nev. 145, 140 Pac. 436. Many of these cases were decided under statutes materially different from ours, while in other cases, the court cites, as sustaining its ruling, the very cases controlled by such statutes. We are constrained to hold that, under our statute, insertion per os does not constitute sodomy, the infamous crime against nature. It does, however, come within the statute prohibiting the taking of indecent liberties, and was relied upon by the people to secure a conviction in case No. 28,859, the judgment in which case we have just affirmed. The act charged in this second count is so loathsome, so revolting, that courts have seized upon various statutory expressions to bring the act within the prohibition of the law. We have no such statutory expressions in this state to justify or excuse us in so holding. We cannot, because of our belief that the act charged against the defendant is even more vile and filthy than sodomy, stretch the sodomy section of the statute to include it. *Robinson v. People*, 23 Colo. 123, 46 Pac. 676. We must not permit our detestation of the act to mislead us into assuming and exercising a purely legislative function, by creating a new felony, punishable by confinement in the penitentiary for a period ranging from one year to life and by the deprivation of important civil and political rights. The Supreme Court of Utah, in *State v. Johnson*, 44 Utah 18, said: "It is to be regretted that there is no statute in this state making the acts charged in the information punishable as a crime. The legislature can, and no doubt will, when its attention is called to the matter, denounce them as crimes and prescribe proper penalties." We express the same regret and the same hope.

As the conviction under the first count was for the same act, as that charged in the second count, judgment in case No. 28,777 is reversed, with the direction to dismiss the case.

## On Rehearing

MR. JUSTICE BUTLER.

In the petition for rehearing, counsel say: "This Honorable Court concedes that this defendant did not have a fair and impartial trial under the ruling in the Eby case, and has held that error of such a highly prejudicial character was committed by the trial judge as to justify a reversal of this case, yet, has sustained such conviction for purely technical reasons which do not concern the guilt or innocence of the defendant. It is based rather upon the supposed failure of his counsel to find more apt language to present his cause to the trial court. This defendant is to be punished by confinement in the state penitentiary for a period of from five to seven years, not because of the fact that he has had a fair and impartial trial, but rather because in the opinion of this court, his counsel might have used more explicit and technical words with which to point out the particulars in which the substantial rights of the defendant were being encroached upon."

Counsel are in error. We did not "concede," or even intimate, that under the ruling in the Eby case, or otherwise, the defendant did not have a fair and impartial trial; nor did we hold that prejudicial error was committed at the trial. We said that the objection argued is similar to the one passed upon in the Eby case, but that because of the defendant's failure to comply with rule 7 of this court, such objection would not be considered on review. In the Eby case, the defendant was charged with having sexual intercourse with a girl 15 years old at the Gould house on March 27. The girl denied positively that the defendant had intercourse with her at that place and time, but testified that he did have intercourse with her on another occasion, namely, at a rooming house in Victor about a week prior to March 27. There was only weak and inconclusive circumstantial

evidence concerning the commission of the offense charged; whereas, there was positive testimony that the defendant committed the act on another occasion, not charged in the information and for which he was not on trial. We held that "under the peculiar circumstances disclosed," the instruction should have been omitted, and that other instructions correctly stating the time and place charged, and directing the jury not to convict of an offense not charged, did not remedy the matter. In that case, there is every probability that by the girl's positive testimony that the defendant had intercourse with her on an occasion not charged in the information, and her equally positive denial that the defendant had intercourse with her on the occasion charged, the jury was misled into finding the defendant guilty of the offense on that other occasion, and not on the occasion charged. No such situation is presented here. The prosecuting witness testified positively and in disgusting detail to the commission of the offense on the occasion charged in the information. The testimony in contradiction is that of the defendant and the members of his family. They testified that the prosecuting witness was not at the defendant's home at the time the prosecuting witness claims the offense was committed there. They testified that part of the time the defendant himself was at church, and that part of the time he was at a moving picture show. Not one witness unrelated to the defendant testified to these matters, though it is fair to assume that had the defendant been where he is said to have been, some person not related to him would have noticed his presence there, and would have been subpoenaed to testify to that fact.

There exists another important distinction between the Eby case and this one. In that case, there was no confusion as to the exact date of the occasion; the offense charged was committed on the 27th day of March, or it was not committed at all. In the present case, the prosecuting witness testified that he went to the defendant's

home in the evening of Saturday, the 14th day of February, and that the offense charged was committed after midnight. The calendar in evidence shows that Saturday was the 13th, not the 14th. If the prosecuting witness was right in saying that he went on Saturday evening, the offense was committed on the 14th. If, on the other hand, he was right in, saying that he went on the 14th, the offense was committed on the 15th. Within the range of two days, therefore, time was immaterial; the jury could return a verdict of guilty if it found that the defendant had committed the offense on either the 14th or the 15th. The instruction had no application whatever to the facts in the Eby case, but it has some application to the facts in this case. If counsel had called the trial court's attention to the exact matter now presented, that court could have limited the range of the instruction to the two days in question.

The trial court instructed the jury that the defendant is charged with the commission of the offense on February 14, 1926; that if the jury does not find the defendant guilty "as charged," it should return a verdict of not guilty; that if the jury finds from the evidence, beyond a reasonable doubt, that on February 14, 1926, the defendant committed the offense, etc., it should find him guilty "as charged"; otherwise, it should find him not guilty. The court also instructed the jury with reference to the purpose of the evidence concerning other transactions; cautioned the jury to consider such evidence for that purpose, and for no other; and warned the jury that "the defendant cannot be tried for or convicted of any offense not charged in the information." Under the facts in this case, as distinguished from the facts in the Eby case, it is not likely that the jury was misled into finding the defendant guilty because of a belief that although the defendant did not commit the offense on the occasion charged in the information, he did commit it on another occasion. We are satisfied that in the circumstances of this case, the error, if any, in giving instruc-

tion No. 3 did not prejudice the substantial rights of the defendant. C. L., sec. 7103. We have examined the transcript of the record, and believe that the verdict and judgment are manifestly correct. In *Balfe v. People,* 66 Colo. 94, 97, 179 Pac. 137, we said that in such circumstances, technical errors are not ground for reversal. In *May v. People,* 77 Colo. 432, 435, 236 Pac. 1022, Mr. Justice Sheafor, delivering the opinion of the court, said, "Where one knowingly and willfully violates the law, and his guilt is clearly proven, he cannot successfully rely for a reversal on technical errors occurring during the trial." See also, *Gizewski v. People,* 78 Colo. 123, 239 Pac. 1026; *Henry v. People,* 72 Colo. 5, 209 Pac. 511; *Fries v. People,* 80 Colo. 430, 252 Pac. 341; *Wechter v. People,* 53 Colo. 89, 124 Pac. 183; *Hillen v. People,* 59 Colo. 280, 149 Pac. 250.

In the present case, substantial justice has been done. Whether our decision is based upon the failure of defendant to comply with our rule 7, or upon the reasons here given, the result is the same. The judgment of the trial court was properly affirmed.

The application for a rehearing is denied.