No. 12,055.

HICKS v. CRAMER, ET AL.

Decided April 1, 1929. Rehearing denied April 22, 1929.

Mr. E. F. CHAMBERS, Mr. FRENCH L. TAYLOR, for plaintiff in error.

Mr. G. W. HUMPHREY, Messrs. CRUMP & RILEY, for defendants in error.

MR. JUSTICE BUTLER delivered the opinion of the court.

J. M. Hicks sued George W. Cramer and his wife, Margaret, for damages sustained in a collision between an automobile owned and driven by Hicks and an automobile owned by Cramer and driven by his wife. The defendants filed an answer and counterclaim. The jury found for the defendants the issues on both the complaint and the counterclaim, but found that the defendants suffered no damage. The plaintiff alone seeks a review.

I. The court instructed the jury on the subject of contributory negligence. The plaintiff claims that this is error because no such issue was presented by the pleadings.

1. It is argued that the fourth defense, in which contributory negligence is pleaded, adopts certain paragraphs of the second defense, in which the defendants deny negligence on their part; that as a plea of contributory negligence is one of confession and avoidance, it must admit, either, expressly or by implication, negligence on the part of the defendant; and that a plea of contributory negligence that denies negligence on the part of the defendant, as does the plea in this case, is bad. The situation results from a practice—all too common, and apparently increasing—of adopting by reference, without due discrimination, allegations contained in other parts of a pleading.

Inconsistent defenses may be pleaded. *People v. Lothrop,* 3 Colo. 428; *Conrey v. Nichols,* 35 Colo. 473, 84 Pac. 470; *Estes v. Crann,* 73 Colo. 438, 216 Pac. 517; *Wheelock v. Hondius,* 74 Colo. 400, 222 Pac. 404. But each defense must be separately stated. Code of Civil Proc. § 65. Denials constitute one defense; a statement of new matter as a defense constitutes another and separate defense. Code of Civil Proc. § 62. The two defenses should not be commingled, as they are here, in one statement. The defect, however, is one of form, not of substance. Having failed to file a motion to separately state the two defenses, the plaintiff cannot, on writ of error, avail himself of such defect. *Christy v. Hammitt,* 76 Colo. 579, 581, 233 Pac. 831.

2. It is said that there is another defect that is fatal to the fourth defense. The pleading alleges that: "Whatever injury, *if any,* and whatever damage, *if any,* sustained by plaintiff, were the result of his own negligence and want of care, which directly contributed to such injury and said damage." The plaintiff relies upon *Ilfeld v. Ziegler,* 40 Colo. 401, 91 Pac. 825, in which it was

said that "facts should be stated directly and positively, not hypothetically or by way of recital," and that "such defects in a pleading under the rule prevailing in this state are subject to a general demurrer." Assuming, but not holding, that that rule applies to the quoted pleading, there are several reasons why the defect is not fatal to the judgment in this case.

(a) Although contributory negligence is an affirmative defense, it is not always necessary, in order to present that defense, that it be specially pleaded in the answer. It is sufficient if the pleadings, taken together, raise the issue. *Denver T. & Ft. Worth R. R. Co. v. Smock*, 23 Colo. 456, 48 Pac. 681. In the present case, the complaint pleads negligence on the part of the defendants, proximately causing the collision; and (though this was unnecessary) absence of negligence on the part of the plaintiff. In the answer the defendants deny these allegations, and in several defenses, including the fourth, and in the counterclaim, they allege specifically and in detail negligence on the part of the plaintiff, proximately causing the collision. These allegations are denied in the replication. Negligence on the part of the plaintiff, therefore, was fully and specifically pleaded. Whether it should prove to be the sole proximate cause, or merely a contributing cause, of the collision depends upon whether or not the defendants were negligent, and, if so, whether their negligence was the sole proximate cause, or merely a contributing cause, of the collision. The answers to these questions depend upon inferences to be drawn by the jury from precisely the same evidence. Both parties were advised as to the proof required of each. The plaintiff would introduce precisely the same evidence under either theory or under both theories. The pleadings, as a whole, raise the issue of contributory negligence.

(b) Assuming that the pleading is technically insufficient, evidence admitted without objection cured the defect. *Mollie Gibson C. M. & M. Co. v. Sharp*, 5 Colo. App. 321, 325, 38 Pac. 850; *Johnson v. Bailey,* 17 Colo.

59, 28 Pac. 81; *Bradley v. Cleveland Ry. Co.,* 112 Ohio St. 35. Much evidence was introduced on the question of negligence on the part of both the plaintiff and the defendants, and the share each had in bringing about the collision.

(c) In the circumstances, to hold that the court erred in submitting to the jury the question of contributory negligence, and to reverse the judgment on that ground, would be to ignore the command thus expressed in section 84 of the Code of Civil Procedure: "The court shall in every stage of an action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect." It is the belief of many that several generations ago some lawyers and judges were given to worshipping at the shrine of logic more frequently than at the shrine of justice. That practice is supposed to have passed into history. The Code of Civil Procedure was designed to do away with any existing remnant thereof.

II. It is assigned as error that the court failed to instruct the jury that the defendants have the burden of proving contributory negligence. An instruction given by the court, after defining negligence, told the jury, in substance, that before they could find for the defendants on the ground of the plaintiff's contributory negligence, they must find "from the preponderance of the evidence" that the plaintiff was guilty of contributory negligence. Such is the law. It matters not who introduced the evidence. If contributory negligence appeared from the evidence introduced by either the defendants or the plaintiff, it would be sufficient to defeat the plaintiff's action. *Colorado Midland Ry. Co. v. Robbins,* 30 Colo. 449, 459, 71 Pac. 371; *Moffatt v. Tenney,* 17 Colo. 189, 30 Pac. 348; *Platte & Denver C. & M. Co. v. Dowell,* 17 Colo. 376, 30 Pac. 68; *Denver City Tramway Co. v. Gustafson,* 21 Colo. App. 478, 121 Pac. 1015. Besides, the plaintiff did not request any instruction on the subject

of burden of proof; hence he is in no position to complain. This proposition is supported by a long list of our cases. One only will be cited. *Larson v. Long,* 74 Colo. 152, 219 Pac. 1066.

III. The plaintiff assigns as error the giving of instructions 13 and 14. It is claimed that they do not correctly state the law, and that there is no evidence warranting the giving of the instructions.

1. In substance, instruction 13 is to the effect that even if the plaintiff had the right of way, if he failed to exercise due care, and such failure was a contributing cause of the accident, he cannot recover. That is the law, and there was evidence calling for such an instruction.

2. Instruction 14 was based upon an ordinance in evidence. There was evidence that justified the giving of this instruction. It stated the law correctly.

IV. The court's refusal to give certain instructions requested by the plaintiff is assigned as error.

1. Counsel complain of the court's refusal to give requested instruction No. 2; but as there is no assignment of error based upon such refusal, plaintiff is not entitled to a review of such ruling.

2. Without going into details, it is sufficient to say of the other requested instructions that so far as they correctly state the law and were applicable to the facts, they were sufficiently covered by instructions given by the court. It is neither necessary nor desirable, in giving instructions, to state a proposition of law in many, or even several, different ways. We heretofore have called attention to the danger of confusing the jury by unnecessarily voluminous instructions. *Rio Grande Southern R. R. Co. v. Campbell,* 44 Colo. 1, 20, 96 Pac. 986; *Walsh v. Henry,* 38 Colo. 393, 398, 88 Pac. 449. The court gave twenty instructions. They fairly, fully and accurately presented the law of the case. No more instructions were necessary.

V. It is said that the judgment should be reversed because of misconduct on the part of a witness. He is

said to have been seen by the plaintiff and others in conversation with some of the jurors during a recess of court while the case was on trial.

1. No showing is made as to the subject of the conversation. There is nothing to indicate that the case, or any feature of it, was discussed, or even referred to; much less that there was any attempt to influence the jury in favor of the defendants. The showing is wholly insufficient to warrant a reversal.

2. There is another reason why this assignment of error cannot be sustained. The plaintiff saw the occurrence, but made no objection or complaint to the court—indeed, did not call the matter to the attention of the court—until after the adverse verdict was rendered. The law does not permit him to remain silent and take his chance of receiving a favorable verdict, and afterwards, if the verdict is against him, assign the alleged misconduct as a ground for a new trial. *Denver Alfalfa M. & P. Co. v. Erickson,* 77 Colo. 583, 239 Pac. 17; *Williams v. Phelps,* (Tex. Civ. App.) 171 S. W. 1100; *Wood v. Moulton,* 146 Cal. 317, 80 Pac. 92; *Cloherty v. Griffiths,* 82 Wash. 634, 144 Pac. 912; *Wetzler v. Glassner,* 185 Wis. 593, 201 N. W. 740; *Zibbell v. Southern Pacific Co.,* 160 Cal. 237, 116 Pac. 513.

3. The trial court considered this matter on application for a new trial, and denied the application. In the circumstances, the granting or refusing of an application for a new trial on this ground was within the discretion of the trial court. As that discretion does not seem to have been abused, we should not disturb the ruling of the trial court. *Denver City Tramway Co. v. Armstrong,* 21 Colo. App. 640, 123 Pac. 136; *Liutz v. Denver City Tramway Co.,* 54 Colo. 371, 379, 131 Pac. 258.

VI. Objection is made to the action of two of the jurors in visiting the scene of the accident during a recess of court while the case was on trial.

1. There was no controversy concerning the condition of the place where the accident occurred, or concerning

the surroundings. It is not shown that any prejudice resulted, or could have resulted, from the visit of the two jurors. Not every unauthorized view of the premises will require the setting aside of a verdict. *Lyons v. Dee*, 88 Minn. 490, 93 N. W. 899. At the close of the trial the entire jury, by consent of all parties to the suit, visited and viewed the place where the accident occurred.

2. The plaintiff himself saw the two jurors there, but remained silent until after the verdict was rendered against him.

3. The court considered the matter on application for a new trial, and denied the application.

For the foregoing reasons, this assignment of error cannot be sustained.

We direct attention to our rule No. 42, which counsel for the defendants in error seem to have overlooked when preparing their briefs.

Finding no reversible error in the record, we affirm the judgment.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.

*On Rehearing.*

MR. JUSTICE BUTLER.

1. In their application for a rehearing, counsel for the plaintiff complain that we did not consider a certain error that they say is present in instruction No. 6. The particular defect that counsel say we overlooked, and that they argue at length in the petition for a rehearing, was suggested for the first time in the reply brief. It was not specifically called to the attention of the trial court, either in the objection to the instruction or in the motion for a new trial; nor was it mentioned in the opening brief. For these reasons, we declined to pass upon the objection. Supreme Court rule No. 7; *Schwalbe v. Postle,*

80 Colo. 1, 249 Pac. 495; *Sandner v. Temmer,* 81 Colo. 57, 253 Pac. 400; *Koontz v. People,* 82 Colo. 589, 263 Pac. 19.

2. In part II of our opinion, we said that an instruction given by the court told the jury, in substance, that, before they could find for the defendants on the ground of contributory negligence, they must find from a preponderance of the evidence that the plaintiff was guilty of contributory negligence. Counsel say that they "have searched the instructions given by the court, and cannot find where the court ever instructed the jury that they must find 'from a preponderance of the evidence' that the plaintiff was guilty of contributory negligence." If they will read instruction No. 6, copied by them at length in the application for a rehearing, they will find the following (italicised by *them*) : After stating that if the jury should find that the defendant Margaret O. Cramer was negligent, and that her negligence was the proximate cause of the injury, they shall find for the plaintiff, the instruction continues: *"unless you further find from the preponderance of the evidence that the plaintiff was also guilty of negligence at said time and place in some one or more of said particulars above enumerated,* or in failing to exercise that degree of care which an ordinary prudent person would have exercised under same or similar circumstances, and further find that such want of care, or negligence, on the part of the plaintiff was a contributing and proximate cause of the injury and damage to plaintiff. *In the event you do so find that the plaintiff was guilty of negligence, and such negligence was a contributing proximate cause of the injury and damage to plaintiff, then you will find the issues joined in favor of the defendants."*

The application for a rehearing is denied.